[No. 8082.  Department Two.  March 28, 1910.]

## E. E. Peterson, *Appellant*, v. Lone Lake Lumber Company, *Respondent*.[1]

APPEAL—BRIEFS—PRINTING FINDINGS. An appeal will not be dismissed for failure to print all the findings of fact and conclusions of law in the brief, where appellant has sufficiently complied with the rule of court in respect thereto.

APPEAL—REVIEW—FINDINGS—MOTION FOR NEW TRIAL—NECESSITY. In the absence of the evidence or exceptions, the findings are conclusive, and the appellant being satisfied therewith, waives no rights by failing to move for a new trial, but is entitled to a proper judgment on the findings.

SALES—BREACH—DAMAGES—MEASURE. Upon vendee's breach of a contract to purchase logs from the defendant at $6 per thousand, where it appears that defendant's cost in cutting and delivering the logs was $5 and that he subsequently made a contract with a third party therefor at such sum, his profits would have been $1 per thousand, and that is the measure of his damages.

Appeal from a judgment of the superior court for Island county, Still, J., entered March 11, 1909, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action on contract. Reversed.

*Willett, Willett & Oleson,* for appellant.

*Cooley & Horan,* for respondent.

Crow, J.—Action by E. E. Peterson against Lone Lake Lumber Company, a corporation, to recover damages for breach of a contract. The trial court in substance found that the plaintiff, being the owner of 1,500,000 feet of standing timber, entered into the following written contract with the defendant:

"This agreement, made and entered into this the 14th day of January, 1907, by and between E. E. Peterson, party of the first part, and the Lone Lake Lumber Company, a corporation, party of the second part:

"Witnesseth: That the said party of the first part agrees

[1]Reported in 107 Pac. 857.

to sell to the party of the second part, all his timber now standing and lying on section five (5), Twn. 29, R. 3 East, W. M., being in Island county, state of Washington, to be delivered at the mill in Island county, belonging to said party of the second part, at the rate of one hundred fifty thousand (150,000) feet per month at the price of six dollars ($6.00) per thousand feet, log scale, to be delivered at the mill of said party of the second part in Island county, state of Washington, and the said party of the second part agrees to purchase from the said party of the first part the said timber, and pay the said party of the first part therefor six dollars ($6.00) per thousand feet delivered at the mill as above stated, said payments to be made as fast as the logs are scaled:"

that thereafter it was agreed between the parties that it should not be necessary for the plaintiff to deliver 150,000 feet of logs per month, but that he might deliver that amount or less as needed and requested by the defendant; that the defendant did not waive that portion of the agreement requiring the plaintiff to deliver 150,000 feet in any one month if requested, it being understood that he should furnish monthly all the defendant could use in accordance with the capacity of its mill, up to the 150,000 feet; that from time to time, until November 5, 1907, the plaintiff delivered, and the defendant received and paid for, 322,000 feet of sawlogs, all that the defendant needed, requested, or could use in its mill; that the defendant has at all times since refused to accept any further logs although the plaintiff has tendered their delivery and has been continually ready, willing, and able to perform his contract; that there is yet standing on the plaintiff's land 1,178,000 feet of timber, log scale, which the defendant by its contract agreed to purchase at six dollars per thousand; that plaintiff cannot obtain in the open market more than two dollars per thousand, and has been damaged in the sum of four dollars per thousand; that 100,000 feet of the timber has been cut and remains upon plaintiff's land ready for delivery; that since the date of the contract, the plaintiff has sold his land, but has reserved

the timber standing thereon and has made a contract to have all of said timber cut and delivered at his option at the mill of the defendant corporation, under such terms and conditions that the total cost of the timber delivered at said mill to the plaintiff would be five dollars per thousand. Upon these findings a final·decree was entered, whereby it was ordered that the plaintiff deliver to the defendant corporation the 100,000 feet of sawlogs now cut and lying upon the land, and that the defendant pay plaintiff six dollars per thousand therefor. The plaintiff has appealed.

The respondent has moved to dismiss the appeal for the reason, as it contends, that the appellant has not printed in his brief all of the findings of fact and conclusions of law. The appellant has sufficiently complied with the rule of this court in the matter of printing the findings and conclusions. The motion is denied.

No exceptions to the findings were taken by either party. The only question before us is whether they sustain the final judgment, and, if not, what judgment should be now ordered. There is no theory upon which the judgment of the trial court can be sustained. The respondent admits it to be erroneous, but contends that it cannot be reviewed on this appeal, for the reason that the appellant did not file a motion for a new trial, calling attention to the errors and affording the trial judge an opportunity to correct the same, and that in any event this court cannot order any other final judgment, but that it will only grant a new trial. In the absence of any evidence or exceptions, the findings are conclusive. No reason exists for awarding a new trial, at which evidence would be again offered and, as we must assume, the same facts would be found. The respondent, being satisfied with the findings, has waived no rights by failing to move for a new trial. He now asks, and is entitled to have, the proper judgment entered upon the findings made. It appears that it will cost appellant five dollars per thousand to cut the timber and deliver it at the respondent's mill, where he was

to receive six dollars per thousand. His actual damages, therefore, were one dollar per thousand for 1,178,000 feet, amounting to $1,178. Although the court stated that his damage was four dollars per thousand, we regard that statement as an unwarranted conclusion of law, and not a finding of fact. The specific facts found are that, after making his contract with respondent upon which this action is based, the appellant entered into another contract, presumably with some third party, by which he agreed to pay five dollars per thousand for the cutting and delivery of the logs at respondent's mill. Had respondent accepted the entire 1,500,000 feet of logs, it is evident that appellant's profits would have been one dollar per thousand and no more.

The trial judge made other findings pertaining to certain expenses incurred by the appellant, but we have not stated them for the reason that such expenses were to be assumed by the appellant himself in performing his contract, and his right to recover any damages on account thereof is foreclosed by his recovery of the damages which we now allow.

The judgment is reversed, and the cause remanded with instructions to enter a judgment in favor of the appellant for $1,178.

Rudkin, C. J., Dunbar, Mount, and Parker, JJ., concur.