CARL M. ROBINSON *vs.* ADAM P. LEIGHTON.

Cumberland.    Opinion March 7, 1923.

*A tenant of an office building, who, without his landlord's invitation so to do in mutuality of interest, and even without the latter's knowledge, used the building's defective fire escape as a balcony or veranda, with resultant personal injury, cannot maintain tort for damages against the landlord.*

There is evidence in this case that the plaintiff and another tenant of offices on the same floor and an office girl in their employment had used the fire escape, with more or less frequency, for balcony and somewhat related purposes, through several years. But no right or license so to use the escape was ever asked of or granted by the landlord. And there is nothing on the record driving notice home to the landlord that it was being so used; except, perhaps, that the presence of mops and dusters on its inclosing rail, might have imported notice that the office girl was drying them there.

On report.    This is an action in tort for negligence, brought by plaintiff, a tenant at will, against defendant, his landlord, to recover damages for personal injuries sustained by him as he stepped through a doorway from the public corridor on the second floor on which his office was situated onto a fire escape, the grating of which tipped in such a manner as to cause him to fall through the opening to the ground below.    Plaintiff contended that the fire escape was defective and unsafe.    Defendant contended that if the fire escape was defective he had no knowledge of such defective condition, and further contended that the fire escape was not constructed for the purposes for which plaintiff was using it without his knowledge, when injured. By agreement of the parties at the conclusion of taking out testimony before the Justice of the Superior Court in Cumberland County without a jury, the case was reported to the Law Court to render such decision as the law and evidence required, and in the event of a finding for plaintiff the Law Court was to assess the damages. Judgment for defendant.

The case is fully stated in the opinion.

*Clement F. Robinson and Arthur L. Robinson,* for plaintiff.

*William H. Gulliver and William B. Mahoney,* for defendant.

SITTING:  CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

DUNN, J.  The owners of certain kinds of buildings are required to provide fire escapes from every story above the level of the ground. R. S., Chap. 30, Sec. 38.  The duty remains the same although the buildings are in the possession of tenants.  *Carrigan* v. *Stillwell*, 97 Maine, 247.

This defendant owned a four-story building within the statute's sway.  On the second floor of the building, the plaintiff, a physician and surgeon, had his offices as a tenant at will.  One January afternoon, in 1921, he desired to indicate to a patient the whereabouts of another doctor's office.  So he and the patient left the plaintiff's offices, the plaintiff preceding.  They walked down an adjoining hallway or corridor, a distance of five or six feet, to a door in the rear wall of the building.  The door had a spring lock on the inside. The plaintiff opened the door, and then stepped down, six inches, on to a fire escape intending to point out the location of the other doctor's office.

The fire escape was made of iron.  It was accessible only, from the second story, through the opening of the door.  At one end stairs or steps entered from a similar platform on the next story, and there were still other stairs leading from another part toward the ground. In construction the fire escape comprised a three-foot rail-inclosed frame, extending lengthwise from supporting brackets on the building, in which was set as a platform or floor, a grating about seven feet long and four feet wide.  This grating was made of slats laid an inch apart and held in place by lateral rods.  Clamps or plates, two inches in length and one half inch less in width, bolted together from the bottom to the top of the grating, with the bolt resting against a crossbar, fastened the platform in position.  These clamps had become displaced.  They were, to use the expression of a witness, "on the wrong side" of the bar.  Consequently, when the plaintiff stepped on the grating, it tipped beneath his weight, and he was precipitated, through the open space presenting, to the ground.  For the personal injuries thus sustained he is seeking damages.  The case, both of law and fact, is referred to the court.

A rule similar to that of caveat emptor applying, it certainly may be defined as a general proposition applicable to premises actually

let, that the lessor, in his relation to the lessee, does not warrant their condition, and that he is not liable for any injury suffered by the tenant during his occupancy by reason of defects. There must be proof of exceptional circumstances to make the landlord liable in such case; some proof of fraud or misrepresentation or direct concealment of a fact known to the lessor which the lessee did not have any reasonable opportunity of discovering. There must be proof of some direct omission by the lessor of the performance of a duty which he owed to the lessee in order to make the landlord liable. *Libbey* v. *Tolford*, 48 Maine, 316; *McKenzie* v. *Cheetham*, 83 Maine, 543; *Whitmore* v. *Orono Pulp & Paper Co.*, 91 Maine, 297; *Bennett* v. *Sullivan*, 100 Maine, 118; *Hill* v. *Day*, 108 Maine, 467.

It is established that when the landlord has reserved to himself, for the common use of the tenants of a building, the control of such portions as its stairways, and hallways, and balconies, he owes it to the tenants to see that such parts are maintained in a reasonably safe condition, or at least to exercise common care and prudence to that end. *Toole* v. *Beckett*, 67 Maine, 544; *McCarthy* v. *York Bank*, 74 Maine, 315; *Sawyer* v. *McGillicuddy*, 81 Maine, 318; *Miller* v. *Hooper*, 119 Maine, 527.

The plaintiff concedes that no other right than to use the fire escape as an emergency exit was granted to him by contract, and that he never asked permission to use it otherwise. He would base his claim to an indemnity, not upon the theory of the breach of a contractual liability, but on the law of negligence. His insistence is, that he was using the fire escape, not as a trespasser, nor yet as a mere licensee, but as a licensee upon the owner's invitation.

If, in its use, he were a trespasser, his position would be that of one coming upon the property of another without right, and, therefore, speaking in a broad phrase, bound to accept the existing situation. Were he allowed to come there for his own interest or convenience, as a mere licensee, (*Stanwood* v. *Clancy*, 106 Maine, 72; *Patten* v. *Bartlett*, 111 Maine, 409) the owner owed him no duty, except not to wilfully cause him harm. *Parker* v. *Portland Publishing Co.*, 69 Maine, 173; *Dixon* v. *Swift*, 98 Maine, 207; *Russell* v. *M. C. R. R.*, 100 Maine, 406; *Stanwood* v. *Clancy*, supra; *Austin* v. *Baker*, 112 Maine, 267. If he were impliedly invited there, that is, if he were there by the owner's inducement or enticement, it was the duty of the owner to maintain the place in a reasonably safe and suitable condition. *Stanwood* v. *Clancy*, supra; *Austin* v. *Baker*, supra.

Invitations, like contracts, may be divided into two great classes, express and implied. An express invitation may be said to be one expressly extended. When the owner in terms invites another to come upon his premises, or to make use of them, or to use something thereon, the invitation is express. An invitation is implied when the owner by acts or conduct leads another to the belief that the use is in accordance with the design for which the place was adapted and allowed to be used in mutuality of interest. *Stanwood* v. *Clancy,* supra; *Patten* v. *Bartlett,* supra; *Elie* v. *Lewiston Railway,* 112 Maine, 178; *Austin* v. *Baker,* supra.

The plaintiff's argument is predicated upon the premise that, by reason of the leasehold in reference to his offices and of an habitual, continual, and open use made of the fire escape, as a sort of balcony or veranda, by himself and at least one other tenant of the building, and by an office girl of theirs, he became a licensee by implied invitation. And that the duty owing to him in that situation being violated negligently, the owner of the building may be held liable therefor in an action of tort.

In the first instance, let it be noticed again, the plaintiff was not using the fire escape for the purpose for which, primarily, the landlord intended it to be used. But, nevertheless, if the plaintiff were on the escape at the defendant's invitation, and the evidence shows no contributing fault on the plaintiff's part, and shows too that by the exercise of ordinary care the defendant could have discovered the defective condition, then the plaintiff's action would lie.

There is evidence that, counting an earlier tenancy of one year, and a later one of two years, the plaintiff was out on the fire escape possibly thirty to fifty times, in brief respites from his offices, to indulge himself in tobacco smoking, or to watch passing parades in a nearby street. Also, that another physician, whose offices were on the same floor, went there, two hundred times or more in nearly three years, for his smokes, or for short outdoor breathings. Further, the office girl attests that she had gone on to the fire escape, "every day or every other day," to hang her mops and dusters out to dry. This girl witnesses that she once had seen the plaintiff and the other doctor on the fire escape, and that within two days of that of the accident she reported the condition of the platform to the building's janitor, who ascribed the cause as an excessive weight of snow. The janitor testifies that he supposed the girl to have referred, not to

what she now relates her testimony, but to the tipping downward of the lowest flight of stairs. And there is testimony that the plaintiff's wife was on the platform one day, and that, in summer days, a screen door only barred the way from the hall to the fire escape.

If all that was done was without the landlord's invitation, the plaintiff's cause is not justiciable. Evidence of an express invitation there is none. There is no pretension that the landlord himself knew of the uses being made. The landlord's agent, who, with more or less frequency, visited the premises and inspected the fire escape, and who says that on his latest inspection it was in good order, is not shown to have had knowledge of that which was going on. The same janitor had been about the building daily for years. Apparently he never knew of the use made by the plaintiff and the other physician, for, while testifying, the subject was not mentioned either to or by him. If the inference be warranted that, although he never saw the men there, and never saw anything indicative of their having been there, still he must have seen the mops and dusters drying on the rail, and seeing them should have realized the import which their presence would convey, the obvious answer is that such knowledge concerned the girl's acts, nothing else appearing. Of the different persons in and about the building none but the plaintiff, his fellow physician, and their office girl offers testimony of uses being made of the escape, and no one drives notice home to the defendant.

Nor may it be rightly urged that the absence of warning signs, and the door which stood ready to be opened, and other attendant features perhaps, led the plaintiff unawares into a trap, for, upon his own authority, the plaintiff long had known the situation. Instances are easily imaginable where, consonantly with reason, it could be said that an owner ought to have anticipated that a person, unfamiliar with conditions and unwarned, might be lured to use the fire escape for other than its original design; and, so anticipating, that the owner ought to have been on guard against injury possible to be done by a structural defect. This, however, as already has been seen, is not contended here.

Upon this record, in point of law, as a matter of fact, the parties must be left in the position they were in immediately before the plaintiff opened the fire escape door.

*Judgment for defendant.*