[No. 19698. Department Two. March 12, 1926.]

E. L. FISHER, *Respondent*, v. COY VALVE COMPANY *et al.*, *Appellants*.[1]

[1] TRIAL (157)—FINDINGS OF FACT—CONSTRUCTION AND OPERATION— CONTROL OF CONCLUSIONS. A conclusion of law to the effect that corporate stock was of the value of ten dollars per share, must give way to a finding of fact that it was without any market or real value.

[2] SAME (157)—FINDINGS OF FACT—CONSTRUCTION OF CONFLICTING FINDINGS. Findings of fact to the effect that corporate stock was without any market or real value and that it was of the par value of $10 per share, followed by a finding of the conversion of said stock "of the value of $10 per share" must be construed to mean the conversion of stock of the par value of $10 per share, which had no market or real value.

Appeal from a judgment of the superior court for Lewis county, Simpson, J., entered October 2, 1925, on findings in favor of plaintiff, in an action for conversion, tried to the court. Reversed.

*Hull & Murray*, for appellants.

*John E. Belcher* and *Gus L. Thacker*, for respondent.

MITCHELL, J.—This action was brought by E. L. Fisher against the Coy Valve Company, a corporation, to recover damages for the alleged conversion of stock owned by the plaintiff in the corporation. The trial resulted in findings, conclusions and judgment in favor of the plaintiff. The defendant has appealed.

The findings of fact and conclusions of law were separately stated, and each signed by the trial judge as required by § 367, Rem. Comp. Stat. No exception was taken by either party to any finding or conclusion.

It was found by the fifteenth finding that, upon demand of the respondent on January 10, 1923, the ap-

[1]Reported in 244 Pac. 125; 247 Pac. 966.

pellant, to whom respondent delivered certain certificates of stock of the company that had been assigned to him by the book owner, refused to issue new certificates of stock. Finding of fact number sixteen is as follows:

"The stock of the defendant company was without any market value or real value at the time of the demand for the transfer of said stock referred to in the paragraph last preceding, and it was without any market value or real value at all times thereafter. That the par value of said stock is and was the sum of $10 per share."

It was further found that the respondent had elected to treat the refusal of the corporation to make the transfer to him of the 4,678 shares as a conversion to its own use, and to have and recover the value of the stock. Conclusion of law number three is as follows:

"That the defendant, Coy Valve Company, is guilty of conversion of 4,678 shares of capital stock lawfully owned by the plaintiff of the value of $10 per share."

It was further concluded, paragraph four, that the plaintiff was entitled to judgment against the corporation in the sum of $46,780 with interest at legal rate from January 10, 1923, amounting to $7,578.28.

[1] On behalf of the appellant it is contended that the finding that the stock converted was without any market value, or real value, at the time of the conversion and all times thereafter, amounts to a failure to prove damages, which is the substance of the issue, and that the appellant is entitled to judgment in its favor. On the contrary, the respondent contends that the recital in conclusion of law number three, referring to the capital stock as "of the value of $10 per share," must and will be seized upon as a misplaced finding of fact, and held to be sufficient to support the judgment,

notwithstanding the conflict in the other findings of fact proper that the stock had no real or market value.

Section 368, Rem. Comp. Stat., was construed in the case of *Gerhard v. Worrell,* 20 Wash. 492, 55 Pac. 625, with reference to the relative importance of the findings and conclusions and their effect upon the judgment, as follows:

"Findings of fact in an action tried to the court, either legal or equitable, correspond with the verdict of the jury. In § 5030, Bal. Code (2 Hill's Code, § 380), it is stated that 'the finding of the court upon the facts *shall be deemed a verdict.'* While it is proper practice to make separate conclusions, yet the findings of fact must be considered as controlling the conclusions of law, and the judgment or decree must accord with the findings; and, if it does so accord, it is quite immaterial that it is inconsistent with a particular conclusion. In other words, the findings of fact must be given the force of a special verdict, and the conclusions of law that of a general verdict, and it is elementary that the special verdict will control the general one. *Willey v. Morrow,* 1 Wash. T. 478."

Now, if the statement, in what is termed conclusion three, that the Coy Valve Company "is guilty of conversion of 4,678 shares of capital stock lawfully owned by the plaintiff of the value of $10 per share," be treated as a conclusion, it must, under the rule and for the purpose of judgment, give way to the finding that the stock was "without any market value or real value."

[2] On the other hand, if what is termed conclusion number three should be treated as a misplaced finding of fact, the result would be no different. In that situation, we would see that in one paragraph the court had found that the stock was "without any market value or real value," but of the "par value of $10 per share," and in a subsequent paragraph that

the stock is spoken of as "of the value of $10 per share."

It is not, nor can it be successfully, contended by the respondent that the findings that the stock had no market value or real value, and that its par value was $10 per share, were findings upon other than pure matters of fact. The court had in mind, and spoke with reference to, only three kinds of values—market, real and par—and when thereafter the stock was spoken of as "of the value of $10 per share," it must be held not to mean market or real value, but par value, because in very clear language the court had found its par value to be that precise amount, while its market value and real value were nothing whatever. The sum total of the whole thing is that the language employed, considered with reference to its context, means only that the appellant corporation converted 4,678 shares of stock of the par value of $10 per share, which had no market or real value at all. The conversion of stock destitute of market value or real value, whatever may be its par value, cannot be the foundation for an action at law for damages.

Reversed and remanded with directions to the superior court to enter judgment on the findings in favor of the appellant.

TOLMAN, C. J., MAIN, MACKINTOSH, and PARKER, JJ., concur.

## ON REHEARING.

*[En Banc.    July 21, 1926.]*

PER CURIAM.—Upon a rehearing *En Banc,* the court adheres to the Departmental opinion heretofore filed herein.

Reversed and remanded with directions to the superior court to enter judgment on the findings in favor of the appellant.