[No. 23151.   Department Two.   June 9, 1931.]

ETHEL L. KNIGHT, *Appellant*, v. CLYDE A. DUGGAN *et al., Respondents,* ALEXANDER SCOTT, *Defendant.*[1]

[1]Reported in 299 Pac. 986.

108

*Murphy & Kumm* and *Orville C. Hatch, Jr.,* for appellant.

*Whittemore & Truscott,* for respondents.

BEALS, J.—December 8, 1929, plaintiff, Ethel L. Knight, was riding as a guest in an automobile driven by defendant Alexander Scott. The machine collided with a car driven by defendant Clyde A. Duggan, and, as a result of the collision, plaintiff suffered injuries, based upon which she brought this action. A trial to the court sitting without a jury resulted in a judgment in favor of the defendant Scott, concerning which no question is raised before this court, and an award in plaintiff's favor against defendants Duggan in the sum of $1,250. From this judgment, plaintiff appeals, contending that the award is inadequate and should be increased.

No statement of facts is before us, appellant basing her claim of error solely upon the findings of the court. The findings pertinent to the questions now before us read as follows:

"(6) That as a result of said collision said plaintiff sustained numerous bruises about her head and body, and was rendered lame and sore; she sustained a broken nose; a linear fracture of the left frontal region; a severe shock to her nervous system, resulting in traumatic neurasthenia, or neurosis, causing and still causing neuralgia pains in her head and face; dizziness, loss of balance, fainting spells, impairment of her powers of concentration and memory and her vision and hearing; she sustained an injury to her back which caused and still causes her to have eleven points of constant tenderness in the spine and backaches.

"(7) That said plaintiff by confinement in a sanitarium for a period of six months will substantially

recover from said injuries but will never fully recover from the injury to her nervous system.

"(8) That by reason of said injuries said plaintiff was required to expend the sum of $250.00 for hospital and physicians services.

"(9) That prior to said accident plaintiff was an able bodied woman, earning and capable of earning the sum of $110.00 per month. . . .

"(11) That by reason of said injuries said plaintiff has been damaged, inclusive of her expenses, in the sum of One Thousand Two Hundred Fifty ($1,250.00) Dollars."

As there is no finding that appellant lost time from her employment on account of the accident, we assume that her salary has so far continued without interruption.

Respondent argues that finding number eleven, *supra,* to which appellant preserved an exception, is such a finding of fact as cannot be reviewed in the absence of a bill of exceptions or statement of facts, and cites *Searle v. Bird,* 94 Wash. 21, 161 Pac. 838; *Preston v. California Medical etc. Assn.,* 120 Wash. 591, 207 Pac. 1053; and *Fisher v. Coy Valve Co.,* 138 Wash. 35, 244 Pac. 125, 247 Pac. 966.

While a finding of damage such as is here presented is properly a finding of fact and not a conclusion of law, we think that, where it appears—as we hold it appears in this instance—that the finding as to the amount of damage is inconsistent with other specific findings made by the court, the finding as to the total amount of damage should be by this court corrected to correspond with the other findings as made by the trial court. *Peterson v. Lone Lake Lum. Co.,* 58 Wash. 72, 107 Pac. 857, and *State v. Mavrikas,* 148 Wash. 651, 269 Pac. 805.

From the findings above quoted, it appears that appellant sustained severe injuries, from some of

which she was evidently still suffering at the time of the trial, which took place over a year after the accident. The court found that a six months sojourn in a sanitarium would result in appellant's recovery from all of her injuries, save that to her nervous system, from which she would never fully recover, and that appellant had already expended two hundred fifty dollars for the services of physicians and hospital bills. It is evident that appellant cannot spend six months in a sanitarium without considerable expense or without decreasing her earnings. We hold that, by finding number seven, *supra,* the court found that a six months stay in a sanitarium was reasonably necessary to appellant's recovery. The finding as to the amount of appellant's total damage, then, should have been made in consideration of all of the findings, and we are compelled to conclude that the amount of $1,250 allowed appellant by the trial court is completely out of line with the other findings, and that appellant is entitled to have the award corrected on appeal.

Consideration of all the findings made convinces us that appellant should have been awarded judgment for at least twice the amount granted her by the trial court.

The judgment appealed from is reversed, with directions to the trial court to enter judgment in appellant's favor in the sum of $2,500.

TOLMAN, C. J., FULLERTON, MILLARD, and BEELER, JJ., concur.