[No. 23373. Department One. December 2, 1931.]

O. J. CRUMRINE et al., *Appellants*, v. S. W. GRUBB et al., *Respondents*.[1]

*Snively & Bounds*, for appellants.

*D. V. Morthland*, for respondents.

HERMAN, J.—Plaintiffs, O. J. Crumrine and Maude Crumrine, husband and wife, sued defendants for damages on account of personal injuries sustained by plaintiff Maude Crumrine. The testimony showed defendants were husband and wife, and, as lessees, were operating a warehouse. Both plaintiffs had worked in the warehouse from some time in September, 1929,

[1]Reported in 5 P. (2d) 498.

until December 22, 1929, O. J. Crumrine at trucking, loading cars and segregating apples, and Maude Crumrine packing fruit.

On the day the accident occurred, December 24, 1929, O. J. Crumrine and one other man, S. M. Carter, were the only people working in the warehouse. They started to work about seven o'clock in the morning, and went on the elevator to their work on the second floor. There was testimony that the elevator was operated by Mr. Carter, and that plaintiff O. J. Crumrine tried to turn on the electric light in front of the elevator shaft where Maude Crumrine was injured. There was testimony that the light did not function that morning, and that it had been out of order a large part of the time during the previous three months. The evidence showed that, for a considerable length of time, the gate guarding the elevator shaft had been defective, in that it jammed and refused to go into place automatically. At the time plaintiff Maude Crumrine was injured, the elevator shaft guard had not been put into place.

On the day of her injury, Maude Crumrine called at the warehouse to inquire as to her husband's physical condition. He had not been feeling well when he left for work. She found him trucking apples, had a few words with him, and then went into the office and talked to Mrs. Grubb, one of the defendants, and her sister. Testimony as to the conversation which occurred at that time is as follows:

"Q. Was anything said to you by Mrs. Grubb about leaving the office, or when you went in, or any other time? A. Do you refer to the Christmas tree? Q. Yes. A. Yes. When I first went in we talked, and about that party Saturday afternoon upstairs at the warehouse, and she said she thought it would be nice for us to take the tree over to O. J.'s brother's children. And we went visiting, and just before I left she said 'Be

sure tell O. J. to take that Christmas tree and bring it home to Jean's tonight.'"

Jean Crumrine (O. J. Crumrine's brother) was an employee of the defendants, who, although he was not on duty at the time of the accident, worked for defendants prior to and most of the time after the accident until August, 1930.

Maude Crumrine left the office and went back into the warehouse again. Her husband was not on the first floor then, and she called to him. He answered from upstairs. The rear stairway adjoined the elevator shaft. Mrs. Crumrine walked in the direction of the stairway, and was groping in the darkness for the stair-railing, when she stepped into the unguarded elevator shaft. She fell a distance of fourteen feet, and sustained the injuries for which she seeks damages.

A trial to a jury resulted in a verdict for plaintiffs. Defendants interposed a motion for judgment notwithstanding the verdict, and in the alternative for a new trial. The court granted the motion for judgment notwithstanding the verdict, but declined to pass upon the motion for new trial, this case having been submitted before the effective date of the rules set forth in 159 Wash. lxvii, requiring the court to pass upon both motions at the same time. From the judgment for defendants, plaintiffs appeal.

In *Christianson v. Pacific Bridge Co.*, 27 Wash. 582, 68 Pac. 191, the court said:

"This court has repeatedly held that generally the question of contributory negligence is for the jury, and that the court is rarely justified in withdrawing it from the jury; that, to justify the withdrawal of the case from the jury, the acts done must be so palpably negligent that there can be no two opinions concerning them in the minds of reasonable men."

█ Respondents contend that the trial court was correct because the injured appellant was a licensee, and that no willful acts or omissions on the part of respondents were shown.

There was evidence in the case that would have supported a finding by the jury based upon the theory that the injured appellant was an invitee. The jury had the right to consider whether the purpose of sending the appellant wife to tell her husband to take the Christmas tree to the home of Jean Crumrine was for the purpose of fostering good will between respondents and their employee, Jean Crumrine. If the jury believed the injured appellant was sent to carry a message to her husband, as the employee of respondents, for the benefit of respondents, they had the right to require of respondents an exercise of the degree of care which is due an invitee. Shearman & Redfield, Law of Negligence (6th ed.), § 706, sets forth the rule:

"Invitation by the owner or occupant is implied by law where the person going on the premises does so in the interest or for the benefit, real or supposed, of such owner or occupant, or in the matter of mutual interest, or in the usual course of business, or where the person injured is present in the performance of duty, official or otherwise."

█ The action of the trial court in granting judgment for respondents notwithstanding the verdict is next defended on the ground that appellant Maude Crumrine was guilty of contributory negligence when she attempted to use the rear stairway. It is argued that, when she tried to find and use that stairway in the darkness, she was guilty of such contributory negligence as would bar her recovery as a matter of law. In support of respondents' view, they cite the case of *Gasch v. Rounds,* 93 Wash. 317, 160 Pac. 962. An examination of that authority discloses that the court

decided, as a matter of law, that the plaintiff was not an invitee, that he was a trespasser, or at best a mere licensee with no business there, and, concerning him, the court said:

"He took the way as he found it, subject to its attending perils. When he advanced in the darkness, without a light and without any caution, as his own testimony shows he did, and blindly plunged at right angles from the straight passage, he was guilty of negligence which on all authority must be held, as a matter of law, the proximate cause of the injury."

The conduct of plaintiff in that case differed materially from that of the injured appellant in the case at bar, who groped her way toward the stairway, and, while feeling for the railing, stepped into the elevator shaft, which was unguarded because of a defect in the gate preventing it from being in place. In *Ritter v. Norman*, 71 Wash. 563, 129 Pac. 103, 43 L. R. A. (N. S.) 657, the rule is enunciated that the mere fact of using a dark stairway, intended to be used by pedestrians, does not of itself constitute contributory negligence which will bar recovery as a matter of law.

Respondents also assert that the trial court was justified in entering judgment for respondents notwithstanding the verdict of the jury, because appellant husband was guilty of negligence. They maintain his negligence is imputed to his wife, and bars their joint recovery under our statutes. It is contended that, when he failed to go to the office for a globe, after finding at seven o'clock in the morning that the light would not burn, he was guilty of such negligence as barred his wife's right to recover.

We cannot agree with this position of respondents. The proximate cause of appellant wife's injury was the unguarded elevator shaft in a dark warehouse, adjoining a stairway that was used by pedestrians. The accident occurred several hours after the appellant

husband failed to turn on the light. There was evidence that the light would burn only about half the time, and also testimony that, if appellant husband went to the office for a bulb, he "probably would get one and probably wouldn't get one." We cannot say, as a matter of law, that the failure of the appellant husband to ask for a light globe several hours before his wife was injured, was the proximate cause of her injury.

The case is reversed and remanded, with directions to the lower court to pass upon the motion for a new trial.

TOLMAN, C. J., BEELER, PARKER, and MITCHELL, JJ., concur.