[No. 24211.   Department One.   January 7, 1933.]

O. J. CRUMRINE et al., Respondents, v. S. W. GRUBB et al., Appellants.[1]

D. V. Morthland, for appellants.

Snively & Bounds and Robert J. Willis, for respondents.

HOLCOMB, J.—On the trial of this action in the lower court, respondents obtained a verdict of $2,211.20 for

[1]Reported in 17 P. (2d) 887.

injuries to the wife which resulted from a fall down a fourteen-foot elevator shaft in the warehouse of appellants. The trial court granted the motion of appellants for judgment n. o. v., upon which respondents appealed and the judgment of the lower court was reversed. 165 Wash. 391, 5 P. (2d) 498. The trial judge had not then passed on a motion for a new trial and the direction of this court was to pass on that motion. There was a motion then pending on behalf of appellants for a new trial upon five statutory grounds, which, upon the remand of the case, was denied by the trial court.

On this appeal, appellants allege error in the denial of their motion for a new trial upon three of the grounds of their motion, namely: irregularity in the proceedings of the court, jury and adverse party; misconduct of the prevailing party; and excessive damages appearing to have been given under the influence of passion or prejudice.

The first two grounds are here argued together. The misconduct complained of by appellants is in allowing the case for respondents to be argued by two different counsel for respondents when appellants stated that they waived argument to the jury. It is asserted that, after one counsel for respondents had argued the case to the jury, appellants' counsel stated that appellants waived argument, whereupon the other attorney for respondents insisted on arguing the case to the jury, and did so.

As shown by the statement of facts, what happened was this: After the court had read its instructions to the jury, Mr. Willis (counsel for respondents) argued. Mr. Morthland then said: "Defendants waive argument." Mr. Bounds (counsel for respondents) then said: "Two counsel can argue all they want."

To which the court answered: "Two counsel can argue." Mr. Bounds then stated to Mr. Morthland: "If you feel you have anything you want to say to the jury, you better say it." To which Mr. Morthland replied: "If you argue, I want the right to answer it." Mr. Bounds: "I am going to argue. I feel the jury is entitled to any assistance they can get in this case." Mr. Bounds argued, Mr. Morthland argued and Mr. Bounds argued. The jury then retired for deliberation.

On the above statements from the record, it is plain that Mr. Morthland did not then protest or object to the two attorneys arguing for respondents, but insisted only on his being allowed to argue, which was granted. The length of the argument of each counsel is not shown in the record. It is to be presumed that Mr. Morthland devoted all the time to argument that he considered necessary to present his side of the case.

Rem. Rev. Stat., § 339, formerly provided that no more than two speeches on behalf of the plaintiff or defendant should be allowed. That section of the statute was slightly modified by Rule of Practice IV, 140 Wash. xxxviii (Rem. Rev. Stat., § 308-4), which *eliminated that part of the former statute.*

Whatever non-compliance with the above rule was permitted by the trial court and whether it is mandatory or directory, is immaterial now, since appellants did not object or protest to the manner of arguing by respondents, and presumably fully answered their argument in his own.

Neither the case of *Seattle & Montana Ry. Co. v. Roeder,* 30 Wash. 244, 70 Pac. 498, 94 Am. St. 864, under the old statute, nor *State v. Gruber,* 150 Wash. 66, 272 Pac. 89, have any controlling force on the situ-

ation in this case, although the last cited case would seem to sustain the action of the trial judge, in principle. Moreover, there was manifestly no abuse of discretion on the part of the trial judge in allowing counsel to so proceed.

The other contention of appellants is that the verdict is excessive. In that connection, it is said that the only permanent injury is the slight recession of one of Mrs. Crumrine's eyeballs, that her sight is normal, and the doctor who attended her said she had a good recovery.

The medical testimony was to the effect that a bone beneath her left eye was cracked, that her left eye had receded between one-eighth and one-fourth of an inch, that is, that the left eye-ball had been pushed back that distance back of the plane that it should occupy with the other eye, and that such condition would not improve, but might even become aggravated. Mrs. Crumrine, herself, testified to great pain, suffering and shock. There was positive proof of hospital, medical and nurse expenses of $81.20, showing that the remainder of the verdict was for general damages. Although appellants minimize the permanent defect of the eye of Mrs. Crumrine, she was a witness before the jury, and was evidently closely observed by them. It is also plain to anyone that such a defect is a very serious impairment of the appearance, especially of a woman.

When there is nothing else in the record to indicate that the verdict was influenced by bias, passion or prejudice, and unless the award was contrary to all standards of justice and legal liability, which this is not, it will not be set aside as excessive. *Gillum v. Pacific Coast Railroad Co.,* 152 Wash. 657, 279 Pac. 114; *Dorian v. Boone,* 152 Wash. 681, 279 Pac. 107;

*Knight v. Duggan,* 163 Wash. 107, 299 Pac. 986. The trial judge also ·saw the injured woman, heard the testimony and declined to interfere with the award to her.

We can find no reason for disturbing the verdict and judgment on either of the grounds urged by appellants.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and MILLARD, JJ., concur.