FILED
COURT OF APPEALS
DIVISION II

2014 FEB -4 AM 9: 17

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43528-4-II |
| Respondent, | |
| v. | |
| RICHARD WALKSONTOP, | UNPUBLISHED OPINION |
| Appellant. | |

Penoyar, J. — Richard Walksontop appeals his convictions for burglary, robbery, harassment, unlawful imprisonment, and assault. He argues that (1) the information failed to include the essential elements of unlawful imprisonment because it did not include the statutory definition of "restrain," (2) he was denied his right of allocution, (3) the trial court made errors in his misdemeanor and felony judgment and sentences, and (4) the trial court erred when it imposed legal financial obligations (LFOs) without finding that he had the ability to pay. He also includes a statement of additional grounds (SAG).

Division One of this court recently held that the statutory definition of "restrain" is not an essential element of unlawful imprisonment. We agree; therefore, the information here is sufficient. Additionally, Walksontop did not preserve for appeal the alleged errors regarding his right of allocution and the imposition of LFOs, and his SAG does not sufficiently identify and discuss the alleged errors. Accordingly, we do not review these arguments. Finally, the trial court did err on both the misdemeanor and felony judgment and sentences when it failed to state whether Walksontop's misdemeanor sentences are to run concurrently or consecutively and when it marked that a dismissed sentence enhancement applied. Therefore, we affirm the convictions, but remand for clarification and correction of the judgment and sentences.

FACTS

The State charged Walksontop with first degree burglary, two counts of second degree robbery, two counts of harassment—death threats, unlawful imprisonment, and three counts of fourth degree assault after he forcibly entered an apartment and threatened and attacked the occupants. The State also alleged that Walksontop was armed with a deadly weapon, a knife, when he committed the crimes. The trial court dismissed the deadly weapon enhancement at the close of the State's case.

After a four-day trial, a jury convicted Walksontop of all counts except one count of second degree robbery. The trial court determined that an aggravating circumstance applied because Walksontop's offender score resulted in some of the crimes going unpunished, but it sentenced him within the standard range. The trial court sentenced him to 364 days' confinement for each of the misdemeanor assaults and 110 months' confinement for the felonies. The misdemeanor judgment and sentence did not indicate whether the sentences are to be served consecutively or concurrently and the felony judgment and sentence stated that a deadly weapon enhancement applied even though the trial court dismissed that enhancement. The court also imposed several LFOs on Walksontop. Walksontop appeals.

ANALYSIS

I.    INFORMATION

First, Walksontop alleges that the information is defective because it does not include the essential elements of unlawful imprisonment. Specifically, he argues that the information fails to include the statutory definition of "restrain." Division One recently held that the definition of "restrain" is not an essential element of unlawful imprisonment. *State v. Phuong*, 174 Wn. App. 494, 545, 299 P.3d 37 (2013). We agree. Accordingly, the information here is sufficient.

"All essential elements of a crime, statutory or otherwise, must be included in a charging document in order to afford notice to an accused of the nature and cause of the accusation against him." *State v. Kjorsvik*, 117 Wn.2d 93, 97, 812 P.2d 86 (1991). When the information is challenged for the first time on appeal, we liberally construe the information in favor of its validity. *Kjorsvik*, 117 Wn.2d at 105. In determining the sufficiency of the information, we apply a two-prong test: "(1) do the necessary facts appear in any form, or by fair construction can they be found, in the charging document; and, if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice?" *Kjorsvik*, 117 Wn.2d at 105-06. We review this issue de novo. *State v. Campbell*, 125 Wn.2d 797, 800, 888 P.2d 1185 (1995).

A person is guilty of unlawful imprisonment if he knowingly restrains another person. RCW 9A.40.040(1). The legislature defines "restrain" as "restrict[ing] a person's movements without consent and without legal authority in a manner [that] interferes substantially with his or her liberty." RCW 9A.40.010(6). The information alleged that Walksontop "did knowingly restrain [S.I.], a human being; contrary to Revised Code of Washington 9A.40.040(1)." Clerk's Papers at 10. Walksontop argues that the information must also include the statutory definition of "restrain."

Walksontop relies on *State v. Johnson*, ___ Wn. App. ___, 289 P.3d 662 (2012), *review granted in part*, 178 Wn.2d 1001 (2013), a Division One case holding that charging language identical to the language here was constitutionally deficient. But, based on a recent Supreme Court case, *State v. Allen*, 176 Wn.2d 611, 294 P.3d 679 (2013), Division One has since implicitly overruled *Johnson*. In *Allen*, the State charged the defendant with felony harassment, and the defendant argued that the information was deficient because only "true threats" are

3

criminalized and the information did not include a true threat requirement. 176 Wn.2d at 626-27. Our Supreme Court disagreed, holding that the true threat requirement merely defined the essential threat element in the felony harassment statute, and, thus, it was not error to omit the true threat requirement from the information. *Allen*, 176 Wn.2d at 629-30.

Division One applied this same reasoning in *Phuong*, 174 Wn. App. 494. There, the State charged the defendant with unlawful imprisonment and the defendant argued that the information was deficient because it did not include the definition of "restrain." *Phuong*, 174 Wn. App. at 542. The court reversed its position in *Johnson* and held that, based on *Allen*, the information was sufficient because the statutory definition of "restrain" merely defined an essential element of unlawful imprisonment and was not itself an essential element. *Phuong*, 174 Wn. App. at 545.

We follow *Allen* and *Phuong* here and hold that the information is sufficient. The statutory definition of "restrain" is not an essential element of unlawful imprisonment; rather, it merely defines an essential element of the crime.

II.    ALLOCUTION

Walksontop next argues that he is entitled to resentencing before a new judge because he was denied his right of allocution at sentencing. At sentencing, "[t]he court shall . . . allow arguments from the . . . offender . . . as to the sentence to be imposed." RCW 9.94A.500(1). The trial court did not give Walksontop a chance to address the court before imposing the sentence, but Walksontop failed to object to this omission.

RAP 2.5(a) states that "[t]he appellate court may refuse to review any claim of error [that] was not raised in the trial court." RAP 2.5(a)(3) further states that a party may raise particular types of errors for the first time on appeal, including "manifest error[s] affecting a

4

constitutional right." But Walksontop fails to argue that any of the exceptions listed in RAP 2.5(a) apply. Therefore, we do not address his claims that the trial court erred when it did not give him a chance to address the court. *See State v. Hatchie*, 161 Wn.2d 390, 406, 166 P.3d 698 (2007) (holding that defendant failed to preserve any error regarding his right of allocution); *State v. Hughes*, 154 Wn.2d 118, 153, 110 P.3d 192 (2005) *abrogated on other grounds by Washington v. Recuenco*, 548 U.S. 212, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006) (holding that the right of allocution is statutory and not constitutional; thus, defendant's failure to object at trial precludes review).

III.    SENTENCING ERRORS

Next, Walksontop argues that we should remand for the sentencing court to indicate on the misdemeanor judgment and sentence whether his assault sentences are to be served consecutively or concurrently and to remove the dismissed deadly weapon enhancement from the felony judgment and sentence. The State concedes that remand is appropriate, and we agree.

Regarding the misdemeanor sentence, the sentencing reform act applies only to felony offenders; accordingly, the trial court has discretion to impose consecutive sentences on misdemeanor convictions. *State v. Langford*, 67 Wn. App. 572, 587, 837 P.2d 1037 (1992); RCW 9.94A.010. Here, the court did not indicate how the misdemeanor sentences will be served. Because the sentencing court's intent is unclear, we remand for clarification.

Additionally, the trial court marked that a deadly weapon enhancement applied on the felony judgment and sentence, but it had dismissed this enhancement at the close of the State's case. A trial court may correct a clerical error in the judgment and sentence. *State v. Snapp*, 119 Wn. App. 614, 626, 82 P.3d 252 (2004). The trial court's failure to remove the mark indicating

that a deadly weapon enhancement applies is a clerical error. On remand, the sentencing court should also correct this error in the felony judgment and sentence.

IV.    LFOs

Finally, Walksontop argues that the trial court erred when it imposed LFOs without finding that he had the ability to pay them. Because he did not object at trial, Walksontop has waived this issue on appeal.

At sentencing, the trial court stated that it was entering standard fines, fees, and costs. The felony judgment and sentence contained the following LFOs: $412.10 restitution, $500 victim assessment fee, $200 criminal filing fee, $250 jury demand fee, $1,500 court appointed attorney fees, $2,400 trial per diem, $500 fine, and $100 DNA collection fee.[1] The trial court did not check the box on the judgment and sentence stating that the defendant has the ability to pay. But Walksontop did not object to the court's imposition of the fines or fees. Therefore, he has waived his ability to challenge the trial court's imposition of LFOs. RAP 2.5(a); *Snapp*, 119 Wn. App. at 626 n.8.

Walksontop contends that he may raise this issue for the first time on appeal, citing *State v. Bertrand*, 165 Wn. App. 393, 267 P.3d 511 (2011). But *Bertrand* is distinguishable. The defendant in that case was disabled and the sentencing court ordered her to begin payment on her LFOs 60 days after entry of the judgment and sentence, while she would still be in confinement for her 36-month sentence. *Bertrand*, 165 Wn. App. at 398. Based on these facts, we reversed the trial court's finding that the defendant had the ability to pay the LFOs. *Bertrand*, 165 Wn.

---

[1] Several of these LFOs are mandatory, and Walksontop concedes that he cannot challenge their imposition.

App. at 404. By contrast, here, there is no evidence that Walksontop would be similarly unable to pay. Therefore, we affirm the trial court's imposition of LFOs.

V.      SAG

Walksontop alleges several sources of error in his SAG. But he fails to provide any argument regarding the errors; he merely lists the page numbers in the record where the errors allegedly occurred. A defendant may file a SAG to identify and discuss those matters that he believes were not adequately addressed by counsel's brief. RAP 10.10(a). We will not consider a defendant's SAG if it does not inform the court of the nature and occurrence of alleged errors. RAP 10.10(c). Here, Walksontop did not discuss or inform the court of the nature of the alleged errors. Consequently, we decline to review his SAG.

We affirm the convictions, but remand to the sentencing court to clarify and correct errors in both judgment and sentences.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Penoyar, J.

We concur:

_____
Maxa, J.

_____
Lee, J.

7