WILLIAM GANLEY *vs.* THOMAS H. HALL.

Suffolk.   November 17, 1896. — May 24, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Owner of Building — Licensee.*

A person who goes to a tenement, not on any business in which his brother, the tenant, whom he goes to see, is engaged, but for the purpose of borrowing money, it not appearing that the brother ever held himself out as lending money or that he ever lent money, there being no previous appointment to call and no previous notice of his intention to call having been given, is a mere licensee, and cannot recover from the owner of the tenement for injuries received by falling on a formation of ice caused by the dripping of water from defective gutters and conductors on a flight of stairs used in common by the tenants.

TORT, for personal injuries occasioned to the plaintiff by falling on an' artificial formation of ice caused by the dripping of water from defective gutters and conductors on a flight of stairs used in common by the tenants of the defendant. Trial in the Superior Court, before *Hammond*, J., who ruled that the plaintiff was a mere licensee, and directed a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*J. F. Cronan*, for the plaintiff.

*C. C. Smith*, for the defendant.

LATHROP, J.   In this case the plaintiff went to the tenement owned by the defendant purely on his own business, and not on

any business in which his brother, the tenant whom he went to see, was engaged. He wished to borrow money, but the exceptions state that it did not appear that the plaintiff's brother ever held himself out as lending money, or that he ever lent money before. There was no previous appointment to call, and no previous notice of his intention to call had been given. The judge, therefore, rightly ruled that the plaintiff was a mere licensee, and that the defendant on the evidence was not liable. See *Plummer* v. *Dill*, 156 Mass. 426 ; *Hart* v. *Cole*, 156 Mass. 475.

The case at bar differs from *Wilcox* v. *Zane*, 167 Mass. 302, where the plaintiff was an agent or servant of one of the tenants, and was held to have the same rights as the tenant had.

*Exceptions overruled.*