[Civ. No. 1605.    First Appellate District.—July 6, 1915.]

## JULIUS EYLENFELDT, Respondent, v. UNITED RAILROADS OF SAN FRANCISCO (a Corporation), Appellant.

NEGLIGENCE—PERSONAL INJURIES—EJECTMENT OF STREET-CAR PASSENGER—PLEADING—UNCERTAINTY OF ISSUES.—In an action against a street-car company for damages for personal injuries sustained by a passenger upon one of the company's cars as a result of being forcibly and violently ejected therefrom by the conductor in an altercation concerning the payment of the fares of the plaintiff and his traveling companion, the defendant. is not prejudiced by an uncertainty existing in the complaint as to whether the action was based on a willful injury or upon the negligence of the defendant, where the case was tried upon the theory, in part at least, that the charge in the complaint was negligence.

ID.—PLEADING—USE OF UNNECESSARY FORCE IN EJECTING PLAINTIFF—ISSUE NOT RAISED—FINDINGS.—In such an action, the allegation in the answer that before the plaintiff was ejected from the car he "willfully and without provocation assaulted, struck, and beat the conductor," and that the injuries received were sustained during the assault and were inflicted in reasonable and necessary self-defense and without the use of excessive force, does not raise the issue as to whether the conductor employed unnecessary force in ejecting the plaintiff, and no finding thereon is necessary, as the issue raised under such allegation is as to whether or not the conductor inflicted the injuries in the reasonable and necessary defense of his person and without excessive force in that behalf. .

ID.—SUFFICIENCY OF EVIDENCE.—In this action it is held that there is ample evidence to sustain the allegation of negligence upon the part of the defendant.

ID.—IMPROPER CROSS-EXAMINATION—MISCONDUCT NOT PREJUDICIAL.—In this action it is also held that while certain questions asked of one

of the defendant's witnesses on cross-examination were improper, the misconduct was not sufficiently prejudicial to justify a reversal, under all the circumstances of the case.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   B. V. Sargent, Judge presiding.

The facts are stated in the opinion of the court.

Wm. M. Abbott, Wm. M. Cannon, and Kingsley Cannon, for Appellant.

Robert P. Troy, for Respondent.

THE COURT.—This appeal is taken by the defendant from a judgment of the superior court of the city and county of San Francisco sitting without a jury, and from an order of said court denying defendant's motion for a new trial.

The action was brought to recover damages for personal injuries alleged to have been sustained by the plaintiff while being ejected from one of defendant's street-cars.

The learned trial court awarded plaintiff judgment in the sum of two thousand dollars, but this amount was later reduced to one thousand six hundred and fifty dollars.

The facts are as follows: Plaintiff and one Frank Clem, a friend, boarded a street-car of the defendant at Third and Mission streets in San Francisco.   They sat together on the front platform.   When the car had proceeded a block the conductor appeared to collect fares.   Clem, who was nearer the conductor than the plaintiff, handed the conductor a ten cent piece, and the latter returned five cents in change.   He then asked the plaintiff for his fare, whereupon plaintiff handed him two nickels and said "Two."   The conductor registered two fares and turned away, when plaintiff, learning that Clem had paid his own fare, demanded the return of five cents.   The request was repeated several times but was declined by the conductor.   In the discussion which then arose the conductor said to plaintiff, "Why did you give me two nickels . . . ?   I cannot keep a record of such things as that."   A little later and in answer to another demand by plaintiff, the conductor said, "You have got no change coming.   You paid two fares with two nickels, and you gave me

two nickels. I considered that you intended to pay two
fares.'' Still later, when the conductor reappeared on the
front platform, the plaintiff again demanded the return of
his nickel. The conductor made a motion as though about
to comply with the request, but upon the plaintiff holding
out his hand to receive the money the conductor grasped it,
and ejected him forcibly and violently from the car, causing
the injuries set forth in the complaint.

The judgment in the case was originally for the sum of
two thousand dollars. Subsequently the defendant made a
motion for a new trial, which the court denied upon condition
that the plaintiff would within ten days from the date thereof
remit the sum of three hundred and fifty dollars from the
amount of the judgment, which plaintiff did.

Plaintiff makes several preliminary objections to the hear-
ing of the appeals; but the view we have reached on the merits
of the case renders a consideration of these objections un-
necessary.

One part of the complaint charges that the defendant,
through its agent the conductor, with great force and vio-
lence, malice, and oppression, flung the plaintiff from the
street-car to the roadbed of Mission Street, and thereby
caused the injuries complained of; while in another part of
the complaint it is alleged ''that said injuries were caused
solely by the said wantonness, maliciousness, negligence, and
carelessness of said defendant, whereby said plaintiff has
been damaged in the sum of $25,000.'' It is possible that
the complaint was subject to demurrer for uncertainty, in
that it could not be ascertained therefrom whether or not the
action was based on a willful injury—and subject to the rule
laid down in *Tognazzini* v. *Freeman,* 18 Cal. App. 468, [123
Pac. 540], or upon the negligence of defendant. But we are
at a loss to understand how it can be reasonably said, after
trial and judgment, that the complaint does not present the
issue of negligence (*Townsend* v. *Butterfield,* 168 Cal. 564,
[143 Pac. 760]; *Yerian* v. *Linkletter,* 80 Cal. 135, [22 Pac.
70]). Moreover, the case seems to have been tried upon the
theory in part at least that the charge in the complaint was
negligence. This being true, the defendant was not preju-
diced by the claimed defect in the complaint, and cannot now
be heard to complain (*Blanc* v. *Connor,* 167 Cal. 719, [141
Pac. 217]; *National Union Co.* v. *Nason,* 21 Cal. App. 297,

[131 Pac. 755]; *Milwaukee Ins. Co.* v. *Warren,* 150 Cal. 346, [89 Pac. 93]).

The defendant, as one of its two separate defenses to the action, alleged that before plaintiff was ejected from the car, he "willfully and without provocation assaulted, struck, and beat the conductor," and that the injuries received by the plaintiff were received during the assault upon the conductor and were inflicted in reasonable and necessary self-defense, and without the use of excessive force, in resisting that assault. There was no evidence that the plaintiff assaulted the conductor; but there was evidence introduced by the defendant tending to show that the plaintiff was guilty of creating a disturbance or a breach of the peace, in which event the conductor would perhaps, as claimed by the defendant, be warranted in removing him from the car, and the company would be liable in damages only if the conductor in so ejecting the plaintiff used more force than was necessary (*Kiley* v. *Chicago City Ry. Co.,* 189 Ill. 384, [82 Am. St. Rep. 460, 52 L. R. A. 626, 59 N. E. 794]; *Bradshaw* v. *South Boston Ry. Co.,* 135 Mass. 407, [46 Am. Rep. 481]; *Townsend* v. *New York Central R. Co.,* 56 N. Y. 295, [15 Am. Rep. 419]; *Pennsylvania R. Co.* v. *Connell,* 112 Ill. 295, [54 Am. Rep. 238]). The appellant contends that the allegations of the separate defense above referred to raised the issue as to whether the conductor of the defendant's car employed unnecessary force in the ejectment of plaintiff, and that the court should have made a finding upon such issue, and failed to do so. We do not believe that the allegations of the answer under review raises the issue claimed. Under those allegations the question was as to whether or not the conductor inflicted the injuries complained of in the reasonable and necessary defense of his person and without excessive force in that behalf. But assuming that the issue raised was as stated by the defendant, we think the findings respond to and fully cover such issue, for they are to the effect that plaintiff was ejected from the car without any fault on his part, and without any right or authority on the part of the conductor, and that the conductor assaulted plaintiff, and with great force and violence threw him from the car. The whole tenor of the court's findings negatives the contention of the appellant that the plaintiff was subjected only to such force as the occasion warranted.

There is ample evidence to sustain the allegation of negligence upon the part of the defendant.

We cannot refrain from saying that the questions asked of one of the defendant's witnesses on cross-examination upon the pretended theory that they were proper impeaching questions, were without foundation in law, which plaintiff's attorney must have well known; but under all the circumstances of the case we are not at liberty to reverse the judgment for this misconduct.

The judgment and order are affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 2, 1915.