[Civ. No. 7496. First Appellate District, Division Two.—January 6, 1931.]

CHARLES MALONE et al., Respondents, v. FLORENCE CLEMOW et al., Appellants.

RUBY HUTCHESON et al., Respondents, v. FLORENCE CLEMOW et al., Appellants.

JUANITA HERMANCE, Respondent, v. FLORENCE CLEMOW et al., Appellants.

14

Dunn, White & Aiken and Hamilton Wright for Appellants.

Kilpatrick & Goodman for Respondents.

PRESTON (H. L.), J., *pro tem.*—The three above-entitled actions were consolidated and tried together before the court sitting without a jury, and judgment was entered in favor of the plaintiff in each case. The appeal is from these three judgments. All the proceedings are included in one record.

Florence Clemow and Floyd Clemow are husband and wife, and are the defendants in all the cases. The plaintiffs in the first case are the father, and the brothers and sisters, of the defendant Florence Clemow. These plaintiffs (in the first case) sue for damages for the death of Cora Malone, the wife of one of the plaintiffs, and the mother of the other plaintiffs, and also the mother of the defendant Florence Clemow. In the second action, the plaintiff, Ruby

Hutcheson, is a sister of the defendant Florence Clemow, and the other plaintiff, Leo Hutcheson, is the husband of Ruby Hutcheson. In the third and last action, the plaintiff Juanita Hermance is also a sister of the defendant Florence Clemow.

On the morning of August 16, 1929, the defendant Florence Clemow, together with her two sisters, Ruby Hutcheson and Juanita Hermance, and her mother, Cora Malone, and three small children, left the town of Burbank, in Los Angeles County, in an automobile for Berkeley, California. The defendant Florence Clemow drove the entire distance, and at about midnight of the same day the accident or collision, out of which these actions grew, occurred on East Fourteenth Street, near Jones Avenue, in East Oakland, California. The car driven by Mrs. Clemow collided with the rear end of a truck, and as a result of this collision, Cora Malone received injuries from which she died, and the plaintiffs Ruby Hutcheson and Juanita Hermance were both seriously injured.

It is admitted in the pleadings that Mrs. Malone, Mrs. Hutcheson and Mrs. Hermance were, at the time of the accident, guests of Mrs. Clemow, the defendant, and riding with her in her automobile.

These actions are, therefore, based upon section 141¾ of the California Vehicle Act, which became effective two days before the accident in question occurred (Stats. 1929, p. 1580). It reads in part as follows: "Any person who as a guest accepts a ride in any vehicle, moving upon any of the public highways of the state of California, and while so riding as such guest receives or sustains an injury, shall have no right of recovery against the owner or driver or person responsible for the operation of such vehicle. In the event that such person while so riding as such guest is killed, or dies as a result of injury sustained while so riding as such guest, then neither the estate nor the legal representatives or heirs of such guest shall have any right of recovery against the driver or owner of said vehicle by reason of the death of said guest. . . . Nothing in this section contained shall be construed as relieving the owner or driver or person responsible for the operation of a vehicle from liability for injury to or death of such guest proximately resulting from the intoxication, wilful mis-

conduct, or gross negligence of such owner, driver or person responsible for the operation of such vehicle; provided, that in any action for death or for injury or damage to person or property by or on behalf of a guest or the estate, heirs or legal representatives of such guest, the burden shall be upon plaintiff to establish that such intoxication, wilful misconduct or gross negligence was the proximate cause of such death or injury or damage. For the purpose of this section the term 'guest' is hereby defined as being a person who accepts a ride in any vehicle without giving compensation therefor.''

Appellants first contend that ''The finding that the defendant Florence Clemow failed to exercise slight or any care in the operation of said automobile at the time of said collision, and that said collision was proximately caused by the gross negligence of the said Florence Clemow, are *without any support in the evidence*.''

Gross negligence has been defined to be ''the want of slight diligence''. (*Redington* v. *Pacific Postal Tel. Cable Co.*, 107 Cal. 317 [48 Am. St. Rep. 132, 40 Pac. 432, 434]; *Walther* v. *Southern Pac. Co.*, 159 Cal. 775 [37 L. R. A. (N. S.) 235, 116 Pac. 51]; Shearman & Redfield on Negligence, sec. 49; *Krause* v. *Rarity et al.*, 210 Cal. 644 [293 Pac. 62, 66]; *Coit* v. *Western Union Tel. Co.*, 130 Cal. 657 [80 Am. St. Rep. 153, 53 L. R. A. 678, 63 Pac. 83]; *Helme* v. *Great Western Milling Co.*, 43 Cal. App. 416 [185 Pac. 510, 512]; 19 Cal. Jur. 554.)

In the recent case of *Krause* v. *Rarity, supra,* the Supreme Court, in considering the meaning of the phrase ''gross negligence'' as used in section 141¾ of the California Vehicle Act, said: ''In many jurisdictions the division of negligence into degrees is not countenanced (20 R. C. L. 21), the concept being that such phrases as 'gross negligence' and 'slight negligence' are misnomers. In this state the degrees of negligence have been frequently recognized. The term 'gross negligence' has been defined as 'the want of slight diligence', as 'an entire failure to exercise care, or the exercise of so slight a degree of care as to justify the belief that there was an indifference to the things and welfare of others', and as 'that want of care which would raise a presumption of the conscious indifference to consequences'.''

We should not confuse "gross negligence" with "willful misconduct", because there is a clear distinction between the two terms.

In *Helme* v. *Great Western Milling Co., supra,* the court said: " 'Willful misconduct' means something different from and more than negligence, however gross. . . . The mere failure to perform a statutory duty is not, alone, willful misconduct. . . . To constitute 'willful misconduct' there must be actual knowledge, or that which in the law is esteemed to be the equivalent of actual knowledge, of the peril to be apprehended from the failure to act, coupled with a conscious failure to act to the end of averting injury." (See, also, *Tognazzini* v. *Freeman,* 18 Cal. App. 468 [123 Pac. 540]; *Eylenfeldt* v. *United Railroads of San Francisco,* 28 Cal. App. 56 [151 Pac. 293]; *Figlietti* v. *Frick,* 203 Cal. 246 [263 Pac. 534].)

Appellants argue that some act of wilfulness or wantonness must be shown to constitute gross negligence; or, in other words, that *either wilfulness or wantonness is a necessary element of gross negligence.* It is clear from the foregoing authorities that this is not correct, for whenever the element of *knowledge and wilfulness* enters into the act, *it ceases to be negligence,* and becomes at least "willful misconduct", and this is true no matter what degree of negligence is being considered.

Undoubtedly, respondents in these cases made out at least a *prima facie* case of gross negligence against the appellant Florence Clemow. The evidence shows without conflict that Florence Clemow, the driver, could have seen said tail-light on the truck upon which it was placed at least two hundred feet to the rear thereof; there was no obstruction to prevent her seeing the truck; the night was clear; the street was artificially lighted; the body of the truck was visible to persons driving up the street; the street was straight for some distance to the rear of the truck; her course was not interfered with by any other obstacle or traffic; on the left rear end of the parked truck was a red lighted tail-light, visible for a distance of at least two hundred feet along the course of travel of appellant's automobile, and that the right front fender, or front part of her automobile, struck the left rear corner of said truck. Mrs. Clemow drove the automobile from Burbank, in

Southern California, to Oakland, in one day, and was driving along East Fourteenth Street in Oakland, and had been traveling for several blocks at a speed of from thirty to thirty-five miles per hour. No explanation was offered why she did not see the parked truck and its tail-light until within about twelve feet distance therefrom.

Generally speaking, the degree of care required under any given circumstances is a question of fact for the court or jury, and not a question of law. This is true even where there is no conflict in the evidence if different conclusions upon the subject can be rationally drawn therefrom. If the conceded facts are such that reasonable minds might differ upon the question as to whether or not one was negligent, the question is one of fact for the jury, or the court sitting without a jury. These rules are so well established as to render citation of authority unnecessary.

It would appear from the foregoing facts that there was an utter absence of reasonable or slight care on the part of the defendant Florence Clemow; or, in other words, if she had exercised even slight care or diligence, she would have seen said truck and tail-light within time to have prevented the collision. At any rate, it was a question of fact for the court to determine whether such negligence, under all the facts and circumstances, was gross, ordinary or slight, and also whether or not such negligence was ·the proximate cause of the collision and the resulting injuries complained of. The trial court having determined it to be gross negligence, and that such negligence was the proximate cause of the collision, we are powerless to interfere with its conclusions.

Quoting further from the case of *Krause* v. *Rarity, supra,* the court said: ''Where liability attaches only for gross negligence, it is for the jury, under proper instructions by the court, to pass upon the question whether such negligence exists.'' (Citing *Merrill* v. *Pacific Transfer Co.,* 131 Cal. 582 [63 Pac. 915] ; 19 Cal. Jur. 728.)

Appellant Florence Clemow also contends that, as a matter of law, her guests were guilty of contributory negligence. This contention is based upon the fact that Mrs. Hutcheson and· Mrs. Hermance testified that they were asleep at the time of the collision. We find no merit in this contention. There is no evidence that Mrs. Malone, who

was killed, or either of the other injured parties, exercised or had the right to exercise any control over the driver, Mrs. Clemow, and they were under no legal obligation to warn the driver of the presence of the parked truck on the side of the street. (*Krause* v. *Rarity et al., supra; Marchetti* v. *Southern Pac. Co.,* 204 Cal. 679 [269 Pac. 529]; *Irwin* v. *Golden State Auto Tour Corp.,* 178 Cal. 10 [171 Pac. 1059]; *Nichols* v. *Pacific Elec. R. Co.,* 178 Cal. 630 [174 Pac. 319]; *Bryant* v. *Pacific Elec. R. Co.,* 174 Cal. 737 [164 Pac. 385]; *Shields* v. *King,* 207 Cal. 275 [277 Pac. 1043].)

The fact that one or more of the guests was asleep at the time of the collision does not constitute negligence as a matter of law, for, as we have already seen, there was no obligation on the part of the guests to exercise an oversight as to the way in which the automobile was to be operated, or keep a lookout for impending danger. Furthermore, the evidence shows that Mrs. Clemow was an experienced driver and the guests had no reason to complain of her driving. Mrs. Clemow testified herself that at the time of the accident she was not tired, but was in fact refreshed by the cold air of the bay.

In *McDermott* v. *Sibert,* 218 Ala. 670 [119 South. 681], the court used the following language which is particularly appropriate in the cases at bar, ''When a guest is asleep it is entirely a question for the jury to determine whether or not he could have done anything if awake; or whether it considered him contributorily negligent in the same regard as if he were not asleep.''

Appellants further contend that none of the three amended complaints states facts sufficient to constitute a cause of action for gross negligence. This contention is also without merit.

''Degrees of negligence are matters of proof, and not of averment; and a general allegation of negligence, want of care and skill, etc., is sufficient in an action for injuries caused by such negligence, *whether the defendant is liable for ordinary or gross negligence.*'' (Sutherland's Code Pleading and Practice, sec. 4166, p. 2486; see, also, 3 Cal. Jur., pp. 835 and 955.)

The rule is also well settled that negligence may be pleaded in general terms, and also that a complaint is sufficient

if it alleges *the specific acts which constitute the negligence complained of.* (*Dewhirst* v. *Leopold,* 194 Cal. 424 [229 Pac. 30] ; *Mathes* v. *Aggeler & Musser Seed Co.,* 179 Cal. 697 [178 Pac. 713] ; 19 Cal. Jur. 674.)

In the cases at bar, the amended complaints have specified the particular acts of negligence relied upon, and have charged that these particular acts were done in a *grossly negligent manner,* which is sufficient under the above-stated rules.

We are of the opinion that each of the amended complaints stated a cause of action, and that the demurrers were properly overruled. Furthermore, appellants answered and went to trial upon the issues thus formed, and there is nothing to indicate that they were misled in any way as to the issues they were to meet and, in fact, did meet as best they could, and the cases appear to have been fairly tried upon the merits. (*Bank of Lemoore* v. *Fulgham,* 151 Cal. 234 [90 Pac. 936] ; *Irrgang* v. *Ott,* 9 Cal. App. 440 [99 Pac. 528].)

The other contentions made by appellants are without merit and require no special discussion.

We think the judgment in each of the three cases should be affirmed, and it is so ordered.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 5, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 19, 1931.