21254. TOWNSEND *v.* MINGE *et al.*

BELL, J. 1. "In order for an invited guest in an automobile to recover of the owner and driver of the car for an injury occasioned by the negligence of the driver, it must be pleaded that such negligence was gross negligence." *Epps* v. *Parrish,* 26 *Ga. App.* 399 (106 S. E. 297).

2. It being essential to a recovery in the present case that the plaintiff guest should establish gross negligence on the part of the defendant host,

and the pleaded facts being insufficient to demand the inference of such negligence, although they might perhaps have authorized it, the petition as to such defendant was fatally defective and subject to general demurrer, where it charged merely that the defendant's conduct amounted to ordinary or simple negligence and did not pretend to allege or specify that the defendant was guilty of gross negligence. "It is not enough to aver facts from which the ultimate fact may be inferred, unless the *evidentiary facts pleaded* are such as to demand the inference of its existence." *Bivins* v. *Tucker*, 41 *Ga. App.* 771 (3), 774 (154 S. E. 820), and cit. The court properly sustained the general demurrer and dismissed the petition as to such defendant.

3. It follows from the above that the court did not err in sustaining the demurrers and dismissing the petition as to the other defendants.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 21, 1931.

*F. W. Copeland, M. B. Eubanks,* for plaintiff.
*Porter & Mebane,* for defendants.