EDNA RHODES, Plaintiff in Error, v. J. R. WATKINS & CO., Defendant in Error.

Western Section.   December 19, 1932.

Petition for Certiorari denied by Supreme Court, April 8, 1933.

Joseph H. Norville, of Memphis, for plaintiff in error.
Grover N. McCormick, of Memphis, for defendant in error.

SENTER, J.   The parties will be referred to as in the court below, Edna Rhodes, plaintiff, and J. R. Watkins & Company, defendant.

This is a suit for damages in which plaintiff seeks to recover of the defendant for injuries sustained in falling down a flight of concrete steps in the business house of defendant in Memphis.   The declaration alleged in substance that the defendant did not maintain a passenger elevator in the building, and that in descending from the third floor, where she had gone to the offices of defendant, she used the stairway, and after reaching the second floor

safely and starting to descend the stairs leading from the second floor to the ground floor, she fell from near the top of the steps of the second floor to the first floor, resulting in the injuries complained of. The declaration avers that the defendant was negligent in not properly lighting the said stairway, and in not keeping the stairway clean and in permitting the stairway to become slippery and worn, and in not providing handrails on both sides of the stairway, and maintaining the stairway with treads so narrow as to be dangerous and unsafe. She averred that she was an invitee to the premises.

The defendant filed pleas of not guilty and contributory negligence on the part of plaintiff.

At the conclusion of all the evidence, on the motion of defendant, the learned trial judge directed a verdict in favor of defendant, and rendered judgment in favor of defendant for the costs. A motion for a new trial made by plaintiff was overruled, and plaintiff prayed an appeal in the nature of a writ of error to this court, and the appeal has been perfected and errors assigned.

The several assignments of error are directed to the action of the court in sustaining the motion of defendant for a directed verdict in its favor and in overruling plaintiff's motion for a new trial, and dismissing her suit at her cost.

It appears that on a former occasion plaintiff had visited the place of business of defendant, seeking a position, and she testified that she was then informed that the defendant did not at that time have a place for her, but suggested that if she would come back at some future date they might be able to use her. After several months she returned and stopped on the first floor of the building, and inquired if the person in charge of employing help was in his office, and she was directed to the third floor of the building, which was a six-story building. She was also instructed to use the elevator which appears to have been a combination passenger and freight elevator. It had originally been used as a freight elevator, but had been partitioned and one part of it was used as a passenger elevator. She got off at the third floor, and after talking with the agent of defendant, and failing to procure employment, she rang the elevator bell to return to the street, and the elevator did not promptly respond to the bell, and she turned and opened a door that led to the stairway. The stairway was against the outer wall of the building. It was a straight flight of steps about three feet wide with a handrailing on one side. There was a window in the wall between each floor that served to light the stairway. These windows were about four feet wide, and one placed between each floor in the outer wall of the building. Plaintiff was accompanied by her brother, a young man about twenty years of age. She descended the flight of steps leading from the third floor to the sec-

ond floor without mishap. She then had to make a turn and enter through a solid door leading into the stairway from the second to the first floor of the building. She testified that she had her hand on the handrailing, and that when she had taken about one or two steps she fell from that point to the bottom of the steps. She testified that the stairway was dark and that she fell because she could not see. Her brother, who was immediately behind her, testified that the stairway was "not very light and not very dark."

It also appears that the premises owned and used by the defendant in conducting its jobbing mercantile business, is composed of two buildings with a driveway between each of the two buildings of six stories high. The stairway was adjoining the wall alongside the driveway which separated the two buildings.

Under the assignments of error it is first contended by appellant that plaintiff was an invitee to the premises. While she alleged in her declaration that complainant maintained the stairway in an unsafe condition and was negligent in permitting the stairway to become slippery and worn and in not keeping the stairway clean, there is no evidence that the stairway was not kept clean, or that it was slippery or worn. The only act of negligence complained of in the declaration that is supported by any evidence is the failure to keep the stairway properly lighted.

The contention made by appellant that she was an invitee is predicated upon the alleged fact that on the other occasion when she visited the place of business of defendant seeking employment, and was then told that they could not employ her at that time but suggested that she could call again at some future date and that this constituted an invitation to return.

We do not think that she sustained the relation of either an express or an implied invitee to the premises. We think that she was a licensee only. She was there on her own business seeking employment. She was not there for the benefit of the defendant, nor in any matter connected with defendant's business. She was not there in the capacity of a customer. Her only purpose in being there was to seek employment. The mere fact that when she had called on one or more previous occasions and was told that they could not give her employment at that time but could probably use her at some future time, did not create the relation of an invitee to the premises.

Sherman and Redfield on Negligence (6 Ed.), Sec. 706, thus defines an implied invitation:

"Invitation by the owner or occupant is implied by law, where the person going on the premises does so in the interest or for the benefit, real or supposed, of such owner or occupant, or in the matter of mutual interest, or in the usual course of

business, or where the person injured was present in the performance of some duty, official or otherwise.''

The defendant was engaged in manufacturing and selling various commodities. It did not make any sales directly from this building. The offices and store rooms occupied the building, and from which the manufactured product was shipped. The commodities were also manufactured in one or the other of the two twin buildings separated by the driveway. The stairway connecting the several floors of the building was of concrete construction, with concrete treads, and was used by employees, as was also the elevator. The plaintiff did not explain how she happened to lose her footing and fall. The handrailing was provided for the purpose of aiding those in the use of the stairway. Assuming that plaintiff was in fact an invitee and not a mere licensee on the premises, the defendant was only required to use ordinary care. It is generally a question of fact for the jury as to whether the defendant had failed to exercise ordinary care in maintaining the premises in a reasonably safe and proper condition, in performing duty toward an express or implied invitee. However there was an elevator for the use of those having occasion to visit the premises, and plaintiff used this elevator in going from the first to the third floor. When she entered the door leading from the third floor to the second floor stairway, she entered through a solid door which automatically closed on springs for fire prevention purposes. She could then see and tell whether the stairway was light enough for safe use, and if not, she could have returned to the elevator, or could have taken the elevator from the second floor down. She only waited a short while after ringing the elevator bell and according to her own statement she decided to use the stairway in place of the elevator because of the short delay in the elevator coming in response to her ring.

If, under the undisputed evidence, plaintiff was an invitee on the premises, and there was any proof of any negligence upon the part of defendant that the premises were not maintained in a reasonably safe condition, the question should have been submitted to the jury under proper instructions from the court. If, however, under the undisputed evidence, plaintiff was a mere licensee, and not an invitee, under the decided weight of authority the defendant did not owe any duty to her other than not to wilfully injure her, and would not be liable to a licensee for a failure to exercise ordinary care in keeping the premises safe. (Clapp v. LaGrill, 103 Tenn., 164, 52 S. W., 134; Worsham v. Dempster, 148 Tenn., 275, 255 S. W., 52; Peebles v. Exchange Bldg. Co., 15 Fed. (2d), 335 (a Tennessee case); Jones v. Chandler, Inc., 97 S. E., 112 (Ga.); Ganley v. Hall, 47 N. E., 416 (Mass.); Stanwood v. Clancey, 106 Me., 72, 75 Atl., 293, 26 L. R. A. (N. S.), 123.)

After a careful review of all the evidence, and giving due weight

to the most favorable inferences to be deduced therefrom, we cannot see that plaintiff proved any negligence on the part of the defendant entitling her to any recovery in this case. We are of the opinion that under the evidence and the most favorable inferences to be drawn therefrom, there was no evidence entitling the trial judge to submit the case to the jury. We think it was not error for the trial judge to sustain the motion for a directed verdict in favor of defendant. We may add that plaintiff utterly failed to state any fact, or to give any explanation as to how she happened to fall, except to say that the stairway was dark. If it was dark she should not have entered. Her brother who was with her testified that it was not very dark and not very light. The proof shows that it was a clear day and that there was a four foot window between the first and second floors. There was a handrailing on one side of the stairway. If plaintiff had used the elevator she would have been safe.

It results that we find no error and the judgment of the lower court is affirmed. The appeal in this case is in forma pauperis. Appellant will pay the cost of the appeal.

Heiskell and Owen, JJ., concur.