[Civ. No. 9022. First Appellate District, Division Two.—January 16, 1934.]

INA NICHOLS, Respondent, v. FRANK SMITH, Appellant.

Hadsell, Sweet & Ingalls, Robert L. Lamb and Hadsell, Sweet, Ingalls & Lamb for Appellant.

Harry I. Stafford, M. Mitchell Bourquin and James R. Loofbourow for Respondent.

SPENCE, J.—Plaintiff suffered personal injuries while riding as a guest in an automobile driven by defendant Smith. On a trial by jury she had judgment against defendant Smith in the sum of $15,000, from which judgment said defendant appeals.

The injuries were sustained as the result of a collision between the automobile of defendant Smith and a milk truck operated by defendant Ammons for the defendant Dairy Delivery Company. Judgment on the verdict was entered in favor of the defendants Ammons and Dairy Delivery Company and this appeal involves only the judgment in favor of plaintiff and against the defendant Smith.

During the course of the trial it developed on cross-examination of plaintiff by counsel for the defendant Dairy Delivery Company that she had received some money from defendant Smith while she was in the hospital, which money was used to defray certain expenses. This evidence was probably admitted on the theory that the payment of the money constituted evidence of an admission of liability on the part of defendant Smith. Plaintiff stated, however, that she received it as a loan. Mr. Loofbourow, counsel for plaintiff, subsequently pursued the subject further and

elicited the following answers: "Mr. Loofbourow. When was the next time he loaned you money? Mr. Lamb. The same objection. The Court. Same ruling. A. Well, it was the end of the next week, I would say. Mr. Loofbourow. Was there any conversation at that time? A. No, it was understood. He knew that I had no money. He knew my financial condition. He knew I had no money to continue on with it, and he assumed it knowing he was protected, I presume, with the insurance he carried. Mr. Lamb. That's over my objection, Your Honor, and I move that it be stricken out. The Court. The answer may go out. It's her conclusion. She is not giving the conversation. The jury is instructed to disregard it." It will thus be seen that when appellant was asked for a conversation, she stated that there was none and then proceeded to volunteer certain remarks which were entirely irrelevant and which could not help but be highly prejudicial. In these remarks she twice referred to the fact that she had no money and then informed the jury that defendant Smith was protected by insurance.

Shortly thereafter the following occurred during the further examination of plaintiff: "Mr. Korte. I will withdraw the question and ask it again. Didn't I understand you to say in answer to a question from your counsel that when the question of these advances from Mr. Smith came up, that the offer came from him, just a minute ago? A. Yes, the offer came from him in this way: He told me that he was fully covered with insurance— Mr. Loofbourow. Go ahead, Mrs. Nichols. A. He was fully covered with insurance. Mr. Korte. I move that that be stricken out. The Court. It goes out as not responsive. Mr. Lamb. At this time we move for a mistrial on the ground that this is the second voluntary statement of that nature that has been made by this witness. Mr. Loofbourow. You asked for the conversation. Mr. Lamb. That is not a conversation. The Court. The conversation wasn't asked for at all. Mr. Loofbourow. May I have the question read? The Court. The answer will go out, and the jury are instructed to disregard it. There is no such question in the case at all. Mr. Lamb. For the purpose of protecting my record, I assign it as prejudicial error and misconduct on the part of the plaintiff herself on the stand. The court. It has happened

twice now, and I hope it will not happen again. Counsel knows it shouldn't be in the record, and the lady knows it now. Mr. Loofbourow. May I have the question read? I don't want to argue it. The Court. You had better not. You have been warned in time. You may have the question. (Question read.) Mr. Loofbourow. May I have the answer now? (Answer read.) The Court. After 'he told me' goes out.'' On this occasion in response to a question in which plaintiff was asked if she had previously given a certain answer to the effect that the offer to advance the money came from Mr. Smith, she answered in the affirmative and then volunteered a purported conversation with defendant Smith consisting solely of a statement that "he was fully covered with insurance''. Her own counsel then urged her to "go ahead'' and she again stated ''he was fully covered with insurance''. During the discussion which followed, counsel for plaintiff asked that said question be read. Counsel was warned by the court but as there was nothing objectionable in the question itself, the court said: "You may have the question''. But after the reading of the question, counsel for plaintiff immediately asked for the answer, which was again read, thereby bringing the subject of insurance to the attention of the jury for the fourth time.

Appellant contends that the above-mentioned portions of the record show that both respondent and her counsel were guilty of prejudicial misconduct and in our opinion this contention must be sustained. (*Squires* v. *Riffe,* 211 Cal. 370 [295 Pac. 517]; *Rising* v. *Veatch,* 117 Cal. App. 404 [3 Pac. (2d) 1023].) In this connection we may state that under the statute in effect at the time of the accident (Stats. 1929, p. 1580) respondent was required to show that appellant was chargeable with gross negligence and not merely ordinary negligence in order to entitle her to recover. Upon the evidence this question was a close one and furthermore the extent of respondent's damage was a matter of serious dispute. Respondent suffered no fractures and returned to work about six months after the accident occurred. The jury nevertheless returned a verdict in the sum of $15,000. It is impossible for us to state that the verdict would not have been smaller in amount or that the verdict would not have been in favor of appellant in the event that respondent's financial distress and appellant's insurance coverage

had not been firmly impressed on the minds of the jurors by the misconduct above mentioned. We are of the opinion that the judgment must be reversed because of such prejudicial misconduct and in view of this conclusion, we deem it unnecessary to discuss appellant's contention that the verdict was excessive upon the evidence offered on the first trial of the cause.

There are, however, other questions relating to the pleadings and instructions which should be discussed. The complaint alleged that ''plaintiff was riding in a certain Stutz automobile'' driven by appellant and that said appellant ''negligently and carelessly drove and operated said Stutz automobile''. These are the usual allegations found in pleadings charging ordinary negligence in general terms. Respondent took the position throughout the trial that this was a sufficient pleading of gross negligence. Appellant, on the other hand, claimed that the complaint failed to state a cause of action for gross negligence under the guest statute and that respondent could recover only upon proof that respondent was a passenger for hire or upon proof that respondent and appellant were engaged in a joint enterprise. Instructions to that affect were offered and refused.

The situation thus presented brings us to a consideration of appellant's contention that the complaint does not state a cause of action warranting a recovery upon the theory of gross negligence. In this connection appellant cites and relies upon *Michalitschke Bros. & Co.* v. *Wells, Fargo & Co.*, 118 Cal. 683 [50 Pac. 847], and numerous authorities from other jurisdictions including *Bentson* v. *Brown*, 186 Wis. 629 [203 N. W. 380, 38 A. L. R. 1417], *Wilson* v. *Chippewa Valley Electric Co.*, 120 Wis. 636 [98 N. W. 536, 66 L. R. A. 912], *Louisville & Nashville R. R. Co.* v. *Markee*, 103 Ala. 160 [15 So. 511, 49 Am. St. Rep. 21], *Good* v. *Schlitz*, 195 Wis. 481 [218 N. W. 727], and *Townsend* v. *Minge*, 44 Ga. App. 453 [161 S. E. 661]. Both the authorities cited and sound reason support appellant's contention. Respondent could not recover against appellant unless appellant was guilty of gross negligence, which is something more than ordinary negligence. How then can it be said that it was sufficient to charge only ordinary negligence? If this were the rule it would lead to endless confusion. A complaint alleging that the plaintiff was a guest and charging

the defendant with ordinary negligence would then be sufficient, yet the plaintiff would be required to go beyond the allegations of the complaint in the proof. Furthermore, findings that all the allegations of such complaint were true would be insufficient to sustain a judgment under the guest statute, but the findings would have to go beyond the pleadings and embrace a finding of gross negligence. In the event of a trial by jury, it would be necessary for the court to instruct the jury that no verdict could be returned in favor of plaintiff upon proof of ordinary negligence as alleged in the complaint, but that such verdict could only be returned in the event that the jury found that the defendant was guilty of gross negligence.

In support of her position that the usual allegations of negligence constituted a sufficient averment of gross negligence, respondent relies upon the *dictum* found in the opinion of this court in *Malone* v. *Clemow,* 111 Cal. App. 13 [295 Pac. 70]. The language referred to was unnecessary to the decision as may be seen from a reading of the opinion. The complaint in that case alleged that the defendant ''drove, operated and controlled said automobile in a grossly negligent manner'' and the specific acts relied upon were set forth. Respondent also cites *Castro* v. *Singh,* 131 Cal. App. 106 [21 Pac. (2d) 169]. The portion of the opinion relied upon was based solely on the *dictum* in *Malone* v. *Clemow, supra,* but there again we do not believe that the language referred to was necessary to the decision. The complaint in that case, in addition to alleging that the specific act was ''negligently'' done, alleged that it was ''wantonly'' done. We believe that in so far as the language of said opinions indicates that the mere allegation that a defendant ''negligently drove'' an automobile is a sufficient allegation of gross negligence under the guest statute, such language should not be followed.

If the above-mentioned defect in the pleading were the only ground of objection on this appeal, we are not prepared to say that it would require a reversal of the judgment. The jury was instructed in the same manner as though respondent had alleged in her complaint that she was a guest and that appellant was guilty of gross negligence. The jury was further instructed that a ''guest is not entitled to a verdict under the law on a showing merely of ordinary neg-

ligence on the part of the owner or driver''. No exception is taken to the correctness of any of the instructions given by the court.     The refused instructions, other than those which were amply covered by the instructions given, related solely to the rules applicable in the event that the jury found that respondent was a passenger for hire or that respondent and appellant were engaged in a joint enterprise. There was no evidence on which the jury could make either of said findings and therefore said instructions were properly refused. We may therefore assume that the jury found that appellant was guilty cf gross negligence and although the question was a close one, we believe that the evidence most favorable to respondent was sufficient to sustain such a finding. In the absence of other error in the record it may well be, in view of section 4½ of article VI of the Constitution, that the judgment could be affirmed despite the defect in the pleading. (*Baker* v. *Miller,* 190 Cal. 263 [212 Pac. 11] ; *Bonney* v. *Petty,* 125 Cal. App. 527 [13 Pac. (2d) 969].) We believe, however, that upon the reversal of the judgment upon the ground first mentioned herein, respondent should be permitted to amend her complaint before the cause is tried again.

The judgment is reversed with directions to the trial court to permit respondent to amend her complaint if she is so advised.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 15, 1934.

Langdon, J., dissented.