[Civ. No. 9091.   First Appellate District, Division One.—December 21, 1934.]

F. LOMBERA, Respondent, v. UNION PAVING COM-
PANY (a Corporation) et al., Defendants; P. S. POPE
et al., Appellants.

J. E. McCurdy and F. E. Hoffman for Appellants.

Ross & Ross and A. M. Moore for Respondent.

KNIGHT, J.—The defendant John L. O'Donnell, an employee of the defendant Union Paving Company, was driving a Ford truck belonging to said company in an easterly direction along Tilton Avenue in San Mateo, and about the time he reached and started across the intersection of Fremont Avenue a sedan driven by the defendant Mrs. Verda Pope approached from the truck driver's left, on Fremont Avenue, and started across said intersection; thereupon, and in order to avoid being struck by the sedan, so the truck driver claimed, he swerved suddenly to the right, and in doing so caused the truck to jump the curb at the southeast corner of the intersection and crash into a telephone pole. Plaintiff was riding as a guest on the truck with O'Donnell at the time of the accident and was injured; and on account of said injuries he brought this action for damages against O'Donnell, the paving company, Mrs. Pope and her husband. The complaint alleged that the accident was proximately caused by the "grossly, careless and negligent manner" in which the two vehicles were driven. The trial took place before the court sitting without a jury, and upon the issue of negligence the court found that "the defendant Verda Pope so carelessly and negligently drove and operated said Studebaker sedan automobile . . . as to cause the automobile in which plaintiff was riding to collide with a telegraph pole and proximately caused the plaintiff to strike his head with great force. . . . That said John L. O'Donnell did not drive or operate said automobile truck in a grossly careless or negligent manner, and that the said accident and injuries sustained by plaintiff were not due to or caused by any gross negligence on the part of the defendant John L. O'Donnell." Plaintiff's damages were fixed in the sum of $2,000; and judgment was entered in his favor and against Mrs. Pope and her husband for that amount, it being further adjudged that plaintiff recover nothing from O'Donnell and said paving company. From said judgment Mrs. Pope and her husband have appealed.

Stated briefly, the first point made by appellants is that plaintiff having charged in his complaint, in general

terms, that Mrs. Pope was guilty of gross negligence, no judgment could be obtained against her based on a finding of ordinary negligence. In other words, it is contended that when plaintiff failed to prove gross negligence on Mrs. Pope's part as alleged in the complaint, she was entitled to a nonsuit; that consequently the trial court's decision finding ordinary negligence is against law and the judgment based thereon cannot be sustained. No authority in point has been cited by either side; nor so far as our own research has extended have we been able to find any case in this state deciding the disputed question. Respondent relies mainly upon certain language used in the decisions in *Malone* v. *Clemow*, 111 Cal. App. 13 [295 Pac. 70], *Sumner* v. *Edmunds*, 130 Cal. App. 770 [21 Pac. (2d) 159], and *Castro* v. *Singh*, 131 Cal. App. 106 [21 Pac. (2d) 169]. But a different question was there being discussed; and moreover the recent case of *Nichols* v. *Smith*, 136 Cal. App. 272 [28 Pac. (2d) 693], decided since the filing of the briefs in the present appeal, holds the portions of the decisions in those cases, so relied on by respondent, to be *dictum*, and declares the same should not be followed. And in this connection may be cited also the still more recent case of *Manica* v. *Smith*, 138 Cal. App. 695 [33 Pac. (2d) 418]; but it would seem that the decision therein in no way tends to clarify the confusion apparently existing among the cases above cited as to the correct rule to be applied in determining the particular question therein considered.

Aside, however, from whatever conflict may exist among those cases with respect to the specific question therein discussed, an investigation of the authorities from other jurisdictions discloses that the precise question here presented has arisen and been passed upon in several other states; and while the conclusions reached have not been uniform, it seems to be conceded to be the better and sounder view that recovery may be had regardless of the refinements attributed to the terms employed by the pleader. Ruling Case Law (vol. 20, p. 24) and Corpus Juris (vol. 45, p. 1090) both so declare, and such declaration is supported by the citation of a number of cases. As said in the latter work, in summarizing the rule of those cases, the characterization in the complaint of the act of negligence as ''gross'' may be treated as a mere conclusion of the pleader

and disregarded as surplusage without affecting the sufficiency of the complaint as a statement of a cause of action for ordinary or simple negligence. And the fundamental principle upon which the foregoing rule is based, as shown by those decisions, is that the greater includes the less. (*Howton* v. *Kearns,* 226 Mich. 20 [196 N. W. 611]; *Gorton* v. *Harmon,* 152 Mich. 473 [116 N. W. 443, 15 Ann. Cas. 461].) As said in the case last cited: "Under a charge of murder the defendant may be found guilty of crimes of lesser degree. It would certainly reflect upon the wisdom of the law that would permit parties to be found guilty of lesser crimes, though not specifically charged therewith, but would not permit recovery in a civil action where a greater degree of negligence is charged, but which includes the less."

■ Furthermore, in a case such as we have here, a defendant is aware from the beginning that regardless of the allegations of the complaint his liability attaches upon proof of ordinary negligence; and it is evident therefore that he is not prejudiced nor in any way taken at a disadvantage by the fact that plaintiff has seen fit for some reason to allege in his complaint a greater degree of negligence than he is required by law to establish by his evidence.

■ Appellants further contend that in any event the evidence is legally insufficient to sustain the trial court's finding of ordinary negligence. The transcript shows, however, that such finding is based upon a sharp conflict of testimony relating to the material circumstances under which the accident occurred. In this regard the truck driver testified that he approached the intersection at a speed of 15 miles an hour; that when about 20 or 25 feet from the intersection he saw the sedan, which was then 30 to 35 feet north of the intersection, and traveling at a speed of approximately 25 miles an hour; that as soon as he saw the sedan he stepped on the gas to speed ahead, and that the driver of the sedan did likewise; that although the truck entered the intersection first and was proceeding across it, the sedan did not slow up or concede the right of way, but continued on into and proceeded across the intersection, and was only 10 feet away from him when the front end of the truck reached the center of the intersection; that in order to avoid being struck by the sedan he turned suddenly

to the right, and as stated, the truck jumped the curb and struck the telephone pole. Mrs. Pope testified in substance that she approached the intersection at about 15 miles an hour and was about 30 feet therefrom when she first saw the truck, which was then about 25 feet from the intersection and traveling faster than she was; that she stopped her car when it was about halfway across the northerly line of the intersection in ample time to avoid a collision even though the truck had continued in a straight course across the intersection; and that the belief on the part of the truck driver that she was about to collide with him was entirely unwarranted and his sudden swerving of the truck unnecessary. In contradiction of her testimony, however, the truck driver testified that she drove clear through the intersection and did not bring her sedan to a stop until she reached a point some 30 feet on the other side thereof. There were other witnesses to the accident, but their testimony only adds to the conflict. In the state of the evidence above set forth it is beyond the power of this court to interfere with the conclusion reached by the trial court as to the truth of the matter.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 18, 1935.