28394. LEACH *v.* INMAN.

DECIDED NOVEMBER 30, 1940.

*William E. Ball, Joseph J. Fine,* for plaintiff.

*W. Neal Baird, Neely, Marshall & Greene,* for defendant.

*John M. Slaton, James J. Slaton,* as amici curiæ.

MACINTYRE, J. Morris Leach brought suit against Frank M. Inman as owner of a certain building in the City of Atlanta, for personal injuries sustained therein. The defendant's demurrer to the petition as amended was sustained, and the plaintiff excepted. The essential allegations of the plaintiff's petition are that the defendant owned the three-story building in question; that the Hudson Printing Company occupied as a tenant the third story of said building; that a stairway led from the ground floor to the third story, and was the only means of entry to or exit from said third floor; that a certain hand-rail or banister was erected along the side of the stairway from the second floor to about the fourth or fifth step from the bottom of the stairway ending at the ground floor; that on a certain day the plaintiff entered said building and ascended the stairway to the floor occupied by the Hudson Printing Company; that the purpose of his visit was to endeavor to secure employment from the Hudson Printing Company; that he was on the third floor approximately thirty or forty minutes when he undertook to descend by way of said stairway; that there were no lights on the stairway or hallway leading to the street floor, and before proceeding down the stairway he struck a match, discovered the hand-rail, caught hold of said rail, descended the stairway slowly, and caught hold of said banister upon the taking and making of every step in his descent (presumably from the third to the second floor); that when he reached the landing on the second floor he struck a match, discovered the hand-rail leading downward along the stairway, caught hold of it and proceeded slowly to descend the stairway; that he caught hold of said hand-rail upon the taking and making of every step in his descent; that when he reached the third or fourth step from the bottom, he was about to proceed further when he "suddenly pitched forward and

in doing so attempted to grab hold of said banister or hand-rail, and not knowing that said banister or hand-rail had abruptly ended he fell, violently striking the floor below;" that by reason of the darkened condition of the stairway and the peculiar construction of said banister he was deceived and misled, and was not able to save himself from the fall. The sole question is whether the petition set forth a cause of action, with reference to the plaintiff.

Where a trespasser is seeking to recover for an injury caused by a dangerous statical condition of the premises, as in the case of a stairway negligently constructed and maintained, liability of the owner of the premises arises only where the injury has been occasioned by wilful and wanton negligence of the owner or proprietor thereof. There is no duty of anticipating the trespasser's presence; and where his presence and danger are not in fact known, no duty arises on the part of the owner of keeping the usual condition of the premises up to any given standard, except that it must not contain pitfalls, mantraps, and things of that character. *Mandeville Mills* v. *Dale*, 2 *Ga. App.* 607, 609 (58 S. E. 1060). The Code, § 105-402, declares: "A licensee is a person who is neither a customer, nor a servant, nor a trespasser, and does not stand in any contractual relation with the owner of the premises, and who is permitted expressly or impliedly to go thereon merely for his own interest, convenience or gratification. The owner of such premises is liable to a licensee only for wilful or wanton injury." See *Cook* v. *Southern Ry. Co.*, 53 *Ga. App.* 723, 725 (187 S. E. 274). Where, as here, the injury for which a recovery is sought is caused by the dangerous statical condition of the premises (stairway), the injury to the licensee has to be occasioned by wilful and wanton negligence; and while the owner or proprietor of the premises must not wilfully and wantonly injure him, yet the owner is not free from a duty to the licensee. *Rollestone* v. *Cassirer*, 3 *Ga. App.* 161 (2) (59 S. E. 442). The duty to the licensee is slightly higher than the duty to the trespasser, because his presence, as a result of the license, is at all times probable, and some care must be taken to anticipate his presence; and where the alleged injury is caused by the alleged dangerous statical condition of the stairway, no duty arises, with reference to the trespasser or the licensee, "of keeping the usual condition of the premises up to any given stand-

ard of safety, except that they must not contain pitfalls, mantraps, and things of that character." *Mandeville Mills* v. *Dale,* supra, 610; *McCall* v. *McCallie,* 48 *Ga. App.* 99 (171 S. E. 843); *Smith* v. *Jewell Cotton-Mill Co.,* 29 *Ga. App.* 461 (116 S. E. 17). The plaintiff did not enter the building or stairway by invitation express or implied, or for the purpose of transacting any business in which the defendant owner of the building was concerned. He was not an invitee, but he entered for the purpose of transacting business with the tenant of the defendant, the Hudson Printing Company, relative to securing employment with said company. He was therefore a mere licensee. 20 R. C. L. 70, § 60; *Crossgrove* v. *A. C. L. R. Co.,* 30 *Ga. App.* 462, 464 (118 S. E. 694); *Petree* v. *Davison-Paxon-Stokes Co.,* 30 *Ga. App.* 490, 492 (118 S. E. 697); *Jones* v. *Asa G. Candler Inc.,* (supra); *Hyde* v. *A. & W. P. R. Co.,* 47 *Ga. App.* 139 (169 S. E. 854); *Cobb* v. *First National Bank,* 58 *Ga. App.* 160 (198 S. E. 111); *Cook* v. *Southern Ry. Co.,* supra; Rhodes *v.* J. R. Watkins & Co., 16 Tenn. App. 163 (65 S. W. 2d, 1098); Schiffer *v.* W. N. Sauer Co., 238 Pa. 550 (86 Atl. 479); American Railway Express Co. *v.* Gilbreath, 48 Fed. 2d, 809; Larmore *v.* Crown Point Iron Co., 101 N. Y. 391 (4 N. E. 752, 54 Am. R. 718).

Recovery here is not sought on account of a dangerous act being done (active negligence), or that there were any dangerous active operations being carried on on the premises (*Atlantic Coast Line R. Co.* v. *O'Neal,* 180 *Ga.* 153, 178 S. E. 451), but recovery is sought for injury caused by a dangerous statical condition, to wit, a stairway which is alleged to have been negligently constructed and maintained. Under the allegations of the petition, the person alleged to be injured was a licensee, he having entered the building at his own risk. Hence wilful and wanton negligence must appear from the petition. The petition does not specify that the stairway was a pitfall or a mantrap eo nomine, nor does it specify that the negligence was wilful and wanton eo nomine. *Townsend* v. *Minge,* 44 *Ga. App.* 453 (161 S. E. 661); *Kinnebrew* v. *Ocean Steamship Co.,* 47 *Ga. App.* 704, 706 (171 S. E. 385). Wilful and wanton negligence, such as will authorize a recovery against the defendant by a licensee, must be expressly pleaded, unless the facts alleged are "such as demand the inference of its existence." *Capers* v. *Martin,* 54 *Ga. App.* 555 (5) (188 S. E. 465). The difference between necessary allegations in the declaration and evidence which

may be sufficient to sustain such allegations is clear. In the former, even if wilful and wanton negligence "might be inferred from all the facts alleged, it is not enough to aver facts from which the ultimate fact may be inferred, unless the evidentiary facts pleaded are such as to demand the inference of its existence." *Bivins* v. *Tucker,* 41 *Ga. App.* 771, 774 (154 S. E. 820). In the latter, the evidence which will be sufficient to sustain such allegations is such as authorizes, but not necessarily demands, the inference of the ultimate fact. Therefore, unless the facts alleged are such as to demand an inference of wilful and wanton negligence, the petition was subject to demurrer. If the pleaded facts authorized an inference merely that the negligence amounted to ordinary or simple negligence, it would not be good as against demurrer. The petition did not denominate the negligence as wilful and wanton negligence. It did not allege that a mantrap, or a pitfall, eo nomine, lurked in the stairway, nor did the facts alleged demand the inference that the condition of the stairway constituted a mantrap, a pitfall, or the like. Even if the petition alleged ordinary or simple negligence, it was subject to general demurrer; for this is a lesser degree of negligence than the law requires in case of recovery by a licensee. *Townsend* v. *Minge,* supra. As to the allegation that the banister stops at the bottom step or several steps before reaching the floor, where the petition is construed most strongly against the pleader, it might be said that there was a newel post at the end of the banister on one of the first few steps from the bottom and this is not an unusual construction for banisters on steps of private homes or public buildings. The instant case differs from the case of *Bohn* v. *Beasley,* 51 *Ga. App.* 341 (180 S. E. 656), which is mainly relied upon by the plaintiff, in this: In that case the construction of the banister was unusual, and looking to the original record we find that the evidentiary facts were pleaded at considerable length and were such as demanded the inference of the existence of a dangerous and deceptive situation amounting to a hidden peril, which was a thing of like character to a mantrap, and which situation was denominated by the pleader as a mantrap, and was the equivalent of pleading the ultimate fact of wilful and wanton negligence. *Jones* v. *Asa G. Candler Inc.,* supra. The court properly sustained the general demurrer and dismissed the action.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*